*571 OPINION OF THE COURT

Per Curiam.

Petitioner, a Justice of the Supreme Court, Eleventh Judicial District, seeks review pursuant to subdivision 7 of section 44 of the Judiciary Law of a determination that he be censured for certain actions undertaken while a Judge of the Civil Court of the City of New York.
The determination is based upon two sustained charges that petitioner used the prestige of his office on behalf of a close personal friend who had applied for a lease and licenses from various New York City administrative agencies. In connection with Charge I, it was established that petitioner requested a member of the New York City Council to meet with one of his constituents, petitioner’s close friend, John Mazzuka, to assist Mazzuka in clearing up administrative difficulties encountered with various administrative agencies in connection with a lease of a private car service base station. Petitioner testified that he had long-standing social and professional relationships with both the council member and Mazzuka although the two had never met. As Mazzuka was a constituent of the council member, it was to the latter that Mazzuka would naturally be expected to go in order that any problems with city agencies would be resolved. The two ultimately met, eventuating with the council member’s office writing two letters on Mazzuka’s behalf.
Charge II dealt with petitioner’s contact with a deputy counsel of the New York City Taxi and Limousine Commission in connection with a license application Mazzuka had pending before that body. Mazzuka had informed petitioner that a lucrative contract hinged upon the license being granted by a certain date and that various impediments were thwarting approval. Petitioner phoned the deputy counsel and informed him that Mazzuka believed that the agency was giving him "a runaround”. In the same conversation, petitioner asked the counsel to "See what you can do for this fellow”. At a subsequent chance meeting between petitioner and the deputy counsel, petitioner mentioned that "a friend of mine * * * has a case before your Commission that deserves to be heard”. Soon thereafter, a conditional license was granted.
Analysis begins with recognition of the fact that no Judge should ever allow personal relationships to color his conduct *572 or lend the prestige of his office to advance the private interests of others (Rules Governing Judicial Conduct, 22 NYCRR 33.2 [b] [c]). Members of the judiciary should be acutely aware that any action they take, whether on or off the bench, must be measured against exacting standards of scrutiny to the end that public perception of the integrity of the judiciary will be preserved (Matter of Kuehnel v State Comm. on Judicial Conduct, 49 NY2d 465, 469). There must also be a recognition that any actions undertaken in the public sphere reflect, whether designedly or not, upon the prestige of the judiciary. Thus, any communication from a Judge to an outside agency on behalf of another, may be perceived as one backed by the power and prestige of judicial office. That is not to say, of course, that Judges must cloister themselves from the day-to-day problems of family and friends. But it does necessitate that Judges must assiduously avoid those contacts which might create even the appearance of impropriety.
Tested by this yardstick, we perceive nothing improper about petitioner requesting the council member to see one of his constituents in these circumstances and, accordingly, dismiss Charge I. That the request of the council member was made as a favor to petitioner forms no basis for disciplinary action. It is not suggested by the commission that in requesting that the council member meet with Mazzuka, petitioner utilized the prestige of his office in any manner. Indeed, specific findings of the referee to that effect were not disturbed by the commission. Nor could such a claim be made on this record. Petitioner simply directed one friend to another whom he believed could be of assistance and broached the subject with the council member. The council member, in turn, acted as he would have acted upon any legitimate constituent complaint. While there may be some instances in which such conduct could lead to disciplinary sanction, no appearance of impropriety has been demonstrated here.
The facts underlying Charge II, however, are a different matter. In requesting the deputy counsel of the Taxi and Limousine Commission to expedite the processing of Mazzuka’s license application petitioner placed the prestige of his office behind the request. Indeed, the referee and the commission made specific findings, which find ample support in the record, that the petitioner was aware that his judicial position would affect the subsequent conduct of the deputy counsel. To be sure, petitioner never asserted his judicial office in seeking *573 special consideration on Mazzuka’s behalf. Yet, petitioner was aware that the deputy counsel knew of his position and should have realized that his requests would be accorded greater weight by an administrative official that they would have been had petitioner not been a Judge. In assessing the propriety of the sanction imposed, we note that there has been no finding that petitioner acted under anything but a sincere, albeit misguided, desire to accommodate a dear friend. There is no suggestion of malevolent or venal motive but a strongly felt desire to remedy a perceived injustice to a friend at the hands of an administrative agency. Mazzuka’s perceived plight, however, can in no way justify petitioner’s loss of perspective and his actions constitute misconduct under the rules. In these circumstances, the penalty of censure is excessive and admonishment is the more appropriate sanction.
Accordingly, the determined sanction should be rejected, Charge I dismissed and the sanction of admonishment imposed with respect to Charge II.