Sherman ANDERSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 381S88.

Supreme Court of Indiana.

March 1, 1982.

Richard M. Salb, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged and convicted by a jury of four (4) separate violations of the Indiana Uniform Controlled Substance Act. He was sentenced to four (4) terms of twenty (20) years imprisonment to be served concurrently.

Appellant sold heroin to a confidential police informant who was accompanied by an Indiana State Police Trooper assigned to narcotics investigation. On February 15, 19, 20, and 22, 1980, appellant delivered less than three grams of heroin on each occasion.

Appellant claims the trial court erred by denying his pretrial motion for severance of the offenses. I.C. 35–3.1–1–11(a) [Burns' Repl.1979] states: "Whenever two [2] or more offenses have been joined for trial in the same indictment or information solely on the ground that they are of the same or similar character, the defendant shall have a right to severance of the offenses." I.C. 35–3.1–1–12(a) requires a motion for severance of offenses to be made

before or at the close of all the evidence during trial if based upon grounds not previously known. Failure to make a timely motion results in waiver of the allegation. If the pretrial motion for severance of offenses is overruled, the motion must be renewed on the same grounds before or at the close of all the evidence during trial to avoid waiver of the allegation of error pursuant to I.C. 35–3.1–1–12(b) [Burns' Repl. 1979].

 In *Dorton v. State*, (1981) Ind., 419 N.E.2d 1289, this Court applied the clear directions of the above statutes, holding the allegation of erroneously refusing to grant severance was waived by failing to renew the motion during the trial. Appellant concedes his failure to renew his motion for severance of the offense. His allegation is, therefore, waived.

Appellant next claims the trial court erred by failing to enforce its order granting motion in limine. The record reveals appellant moved for a motion in limine to exclude mention of any drug transactions or charges involving him other than the four (4) counts being tried. The trial court granted this motion. Appellant then moved to exclude any comment by three witnesses, two law enforcement officers and a confidential informant, regarding seventy-two (72) drug transactions with other individuals and twenty-four (24) resulting arrests during their narcotics investigation. The trial judge declined to rule on the motion. The three witnesses were allowed to testify to the productivity of their investigation. No statement was made by any witness implicating the appellant in any other deliveries or arrests than those charged. The prosecutor also mentioned the other transactions and arrests.

A motion in limine, when granted, is a pretrial protective order to prevent prejudicial questions and statements which might arise during trial. It is not a final determination of admissibility but prevents any possible prejudicial information being introduced into evidence until the trial court has ruled upon its admissibility during the trial. *Inman v. State*, (1979) Ind., 393 N.E.2d 767; *Gilliam v. State*, (1978) Ind., 383 N.E.2d 297.

A trial judge does not violate a pretrial order granting a motion in limine by contravening his prior ruling during the trial itself. *Inman, supra.* The record fails to establish that an order excluding the allegedly objectionable information was ever entered. The trial court properly ruled during the trial the information was admissible to lay a foundation for the testimony of the confidential informant regarding his relationship to the law enforcement officers and his contacts with the appellant. *Drollinger v. State*, (1980) Ind., 408 N.E.2d 1228.

The trial court is affirmed.

HUNTER, PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.