**John Gael WILSON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 283S34.

Supreme Court of Indiana.

July 18, 1984.

Sheila Suess Kennedy, Mears, Crawford, Kennedy & Eichholtz, Indianapolis, for appellant. . .

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following a trial by jury, Defendant (Appellant) was convicted of Robbery, a class C felony, Ind.Code § 35–42–5–1 (Burns 1979) and was found to be an habitual offender. His five (5) year sentence upon the robbery conviction was enhanced by thirty (30) years by reason of the habitual offender finding. His direct appeal raises five (5) issues for our review:

(1) Whether the evidence is sufficient to sustain the conviction for robbery;

(2) Whether the trial court erred in allowing the victim to identify the Defendant over a claim that the identification was the product of an impermissibly suggestive pre-trial confrontation;

(3) Whether the trial court erred when it sustained the State's objection to Defendant's introduction into evidence of a certain gray jacket;

(4) Whether the trial court erred in overruling Defendant's objection to the habitual offender portion of the trial;

(5) Whether the trial court abused its discretion when it imposed prison sentences totaling thirty-five (35) years upon the Defendant.

The record disclosed that on December 10, 1981, Cheryl Harney was walking south on Washington Boulevard from 38th Street in Indianapolis when Defendant overtook her, grabbed her, threw her to the ground, and took a black tote bag from her.

### ISSUE I

We have several times stated our standard of review upon a claim of insufficient evidence, as follows:

"Upon a review for sufficient evidence, this Court will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom. If the existence of each element of the crime charged may be found therefrom, beyond a reasonable doubt, the verdict will not be disturbed. In such a review, we will not weigh conflicting evidence nor will we judge the credibility of the witnesses."

*Loyd v. State,* (1980) 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

The Defendant argues that the testimony of Cheryl Harney, the victim, was "fatally tainted and internally inconsistent," in that at trial she could not recall whether her assailant had had a mustache. Harney testified that as she walked across the parking lot of the Indiana National Bank at 38th Street and Washington Boulevard in Indianapolis, she noticed a white automobile in which three (3) black males were sitting. When she left the bank, she walked south on Washington Boulevard and then noticed that someone was following her. She stated that she turned and looked at the person who was about one half block behind her. She could see the man's face, his bushy hair, and his attire, a brown corduroy jacket with a hood. Immediately prior to his overtaking of her, she turned and saw him face to face. Subsequent to the robbery, she observed him walk down Washington Boulevard and through a vacant lot. She called the police. Thereafter, Detective Poskon heard that a black male with "facial hair" wearing a hooded tan or brown corduroy jacket and tan pants had grabbed a purse. He drove to the vicinity of the crime and saw a person wearing a tan jacket and pants enter a white vehicle, take off the tan coat, under which he was wearing a gray coat, and stuff the tan coat beneath the seat where he was sitting. When, a short time later, the victim was brought to the scene of Defendant's apprehension, she positively identified him as her assailant. Her purse was found in a vacant lot across which she had seen her

assailant walk. At trial, several months later, she could not recall whether her assailant had had a mustache.

■ Defendant's argument challenges the credibility of witness Harney's testimony. On review, this Court does not rejudge the credibility of a witness' testimony unless that testimony is inherently incredible. *Wallace v. State*, (1981) Ind., 426 N.E.2d 34, 42; *Bentley v. State*, (1981) Ind., 414 N.E.2d 573, 574. Such is not the case here. Moreover, the jury was well aware of any inconsistencies in Harney's testimony and was responsible for assessing her credibility. *Ross v. State*, (1982) Ind., 429 N.E.2d 942, 943. Sufficient evidence of probative value existed to support the jury's verdict.

## ISSUE II

Shortly after the Defendant was apprehended near the scene of the crime, Harney positively identified him as her assailant. She also identified him, in court, although she could not remember whether he had had a mustache at the time of the robbery. Defendant argues that the initial confrontation and identification were impermissibly suggestive and that, consequently, the trial court erred in allowing the in-court identification to be made.

■ The State argues, and we agree, that this assignment of error is not available on appeal, in that at no time did Defendant attempt to suppress or object to Harney's identification of him as the person who robbed her. *Ross v. State*, (1982) Ind., 429 N.E.2d 942, 943.

## ISSUE III

During the cross-examination of Detective Poskon, the Defendant attempted to introduce into evidence a gray jacket allegedly worn by him at the time of his apprehension. The State objected on the grounds that Defendant had failed to show a proper foundation or chain of custody for the exhibit, and Defendant assigns, as error on appeal, the trial court's ruling sustaining the objection.

Defendant argues that the jacket should have been admitted into evidence in that it was relevant to the issue of identification.

■ Assuming, *arguendo*, that the exhibit should have been admitted into evidence, Defendant has failed to show how he was harmed by the court's ruling. The jacket was subsequently admitted into evidence for demonstrative purposes and was viewed by the jury. A photograph of Defendant, taken shortly after his apprehension, in which he was wearing a gray jacket, was also admitted into evidence, and the State conceded that the Defendant had been wearing a gray jacket at the time he was apprehended.

## ISSUE IV

The State filed the habitual offender charge on the date of the trial, and Defendant argues that the trial court erred in overruling his objection to such filing grounded upon the claim that he had neither anticipated the filing nor received prior notice of such charge and argued that he was unable to investigate the bases of the prior convictions and that his due process rights were thereby violated. He did not, however, ask for a continuance.

Defendant was charged with robbery on December 11, 1981. On December 17, 1981 and January 13, 1982, Defendant's counsel was provided with a two (2) page criminal history of Defendant in compliance with a discovery order. On August 25, 1982, one day prior to trial, the State provided Defendant's counsel with copies of criminal court records including three (3) entries of conviction and sentencing for prior felonies. Hence, Defendant and his counsel were aware of Defendant's criminal history and must have known that an habitual offender charge could be filed.

■ If, in fact, Defendant was unprepared to defend against the habitual offender charge, because of a late filing, the proper remedy was a motion for a continuance. *Harris v. State*, (1981) Ind., 427 N.E.2d 658, 662. Defendant may have been entitled to a continuance, but he was

not entitled to require the State to forego its right to bring the habitual offender charge.

### ISSUE V

Defendant argues that the trial court abused its discretion when it ordered that the five (5) year sentence and the thirty (30) year sentence would run consecutively rather than concurrently. He further claims that the court failed to properly consider mitigating circumstances in determining his sentence.

As this Court explained in *Short v. State*, (1982) Ind., 443 N.E.2d 298, 301, the thirty year term of imprisonment provided for habitual offender findings is an enhancement of the sentence for the underlying felony and not a separate sentence which is to be served either consecutively or concurrently with another sentence. *See also Yager v. State*, (1982) Ind., 437 N.E.2d 454, 457; *Hernandez v. State*, (1982) Ind., 439 N.E.2d 625, 633. Hence, in the case at bar, Defendant should have been sentenced to a term of thirty-five (35) years imprisonment rather than to one term of five (5) years and another term of thirty (30) years, to run consecutively.

With respect to Defendant's claim that the court failed to consider mitigating circumstances, we note that Ind. Code § 35–50–2–6 (Burns 1979) provides that the presumptive sentence for a class C felony is five years. Not more than three (3) years may be added for aggravating circumstances and not more than three (3) years may be subtracted for mitigating circumstances. The Defendant, in the case at bar, was sentenced to the basic sentence of five (5) years. Whether the basic sentence will be increased or decreased due to aggravating or mitigating circumstances is within the trial court's discretion. *Burgess v. State*, (1983) Ind., 444 N.E.2d 1193, 1196; *Logsdon v. State*, (1980) Ind., 413 N.E.2d 249, 251. When the trial court imposes the basic sentence, this Court will presume that it considered the proper factors in determining that sentence. *Meadows v. State*, (1981) Ind., 428 N.E.2d 1232, 1235;

*Currie v. State*, (1983) Ind.App., 448 N.E.2d 1252, 1254. Further, under the facts of this case, the trial court had no discretion in the enhancement of the sentence upon a finding of habitual criminality but must add thirty (30) years to the sentence upon the underlying felony. *Hernandez v. State*, (1982) Ind., 439 N.E.2d 625, 633.

This cause is remanded to the trial court with instructions to correct the judgment and to issue a corrected commitment to the Department of Corrections as above provided. In all other respects, the judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PIVARNIK, JJ., concur.