Jesse F. HOBSON, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 64A03–8602–CR–54.

Court of Appeals of Indiana, Third District.

July 23, 1986.

James V. Tsoutsouris, Public Defender, Porter County, James A. Johnson, Chief Deputy Public Defender, Portage, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

Following a trial by jury, Jesse F. Hobson was convicted of two counts of child molesting, a Class C felony under IC 35–42–4–3. He was sentenced to concurrent terms of imprisonment of five years. On appeal, he presents us with the following issues:

(1) Whether the denial of his pretrial motion for severance of offenses constituted error;

(2) Whether the trial court erred in permitting evidence of acts of sexual misconduct other than the acts charged in the information;

(3) Whether the offenses occurred within the applicable statute of limitations;

(4) Whether the evidence adduced at trial was sufficient to support the convictions;

(5) Whether the trial court erred in not indicating whether mitigating circumstances were considered.

We affirm.

In late August or early September 1979, when R.B. was nine, Hobson fondled her, attempted sexual intercourse with her, and attempted to force her to perform fellatio. This incident formed the basis for Count I of the information. Sometime in June of 1980, when K.W. was thirteen, Hobson had sexual intercourse with her. This incident formed the basis for Count II of the information.

These incidents were not reported until May of 1984. Subsequently an information charging Hobson was filed on July 26, 1984, and Hobson was arrested in Michigan on August 6, 1984. While the information charging Hobson alleged that these offenses were committed one to two years later than what was proved at trial, Hobson did not object to this variance.

On the morning of the trial, Hobson filed a motion for severance of offenses. This motion was denied, and the two counts were joined for trial. Prior to trial, Hobson had filed a motion in limine requesting that all evidence of sexual misconduct occurring prior to the acts charged in the information be excluded. This motion was also denied, and R.B. was permitted to testify that Hobson had engaged in fondling of her since she was seven years old. K.W. was permitted to testify to acts of sexual contact between her and Hobson, which began when she was nine.

I.

■ Initially Hobson claims that the denial of his pretrial motion for severance of offenses constituted error. Whether charges are severed for trial generally lies within the trial court's sound discretion, and clear error must be demonstrated for a reviewing court to interfere. *Grimes v. State* (1983), Ind., 454 N.E.2d 388, 390. Here, the offenses charged were of the same type, two counts of child molesting, and their joinder was permitted under IC 35–34–1–9(a)(1) (West 1985 Supp.) which provides:

"(a) Two or more offenses can be joined in the same indictment or information, with each offense stated in a separate count, when the offenses:

(1) Are of the same or similar character, even if not part of a single scheme or plan...."

■ However, if the offenses were joined solely because they were of the same or similar character, the defendant has an automatic right to severance, and the court has no discretion to deny a severance motion. IC 35–34–1–11. *See Abner*

*v. State* (1985), Ind., 479 N.E.2d 1254, 1261; *Muse v. State* (1981), Ind., 419 N.E.2d 1302, 1305. Hobson claims that the offenses were joined for trial solely on the ground that they were of the same or similar character, and the state offers no argument in opposition. Instead, the state argues that Hobson waived the alleged error regarding his motion for severance.

■ If a pretrial motion for severance of offenses is overruled, the motion must be renewed on the same grounds before or at the close of all the evidence during trial to avoid waiver of the allegation of error. IC 35–34–1–12(b); *Anderson v. State* (1982), Ind., 431 N.E.2d 777, 778. Here Hobson filed a pretrial motion for severance of offenses on the morning of trial, which the trial court denied. Hobson does not deny that he did not renew the motion during trial, either before or after the close of all the evidence. In response, Hobson argues only that "by the mere position of the ruling on the original motion, a renewed motion would have been futile." While the argument is not unappealing, the express language of the statute and the decisions of our Supreme Court are to the contrary. *Anderson, supra; Dorton v. State* (1981), Ind., 419 N.E.2d 1289, 1296. In *Lee v. State* (1979), Ind.App., 397 N.E.2d 1047, *cert. denied* 449 U.S. 983, 101 S.Ct. 399, 66 L.Ed.2d 245, the court held that the defendants waived their right to separate trials when they failed to renew, before the close of all evidence, their pretrial motion for separate trials. In *Lee,* the motion for separate trials was filed and denied on the morning of the trial. *Id.* at 1049. Thus, we must find that Hobson has failed to preserve any error for our review.

## II.

■ Hobson claims that the trial court erred in permitting evidence of acts of sexual misconduct, other than the acts charged in the information. It is essential that the defendant object to the introduction of challenged evidence at trial and that he specify the grounds upon which the objection is made. *Smith v. State* (1985),

Ind., 475 N.E.2d 1139. Here Hobson objected by stating: "Your Honor, I think I'm going to object to this entire line of questioning for reasons that I had set out earlier. I ask the court to show a continuing objection to this line of questioning on the record." While we approve of using the device of a continuing objection, this objection is insufficient to preserve error. *See Abner v. State* (1985), Ind., 479 N.E.2d at 1259 holding insufficient an objection to a statement "for reasons that we previously argued in chambers." *See also Johnson v. State* (1985), Ind., 472 N.E.2d 892, 904 holding not sufficiently specific an objection stating: "I'm going to object to this as being something that we discussed under our motion."

Hobson claims his objection was referring to reasons set forth in argument to his motion in limine and motion for severance of offenses. However, the comments which occurred on the record involved only the motion for severance of offenses. Hobson's motion in limine concerning prior sexual contact between the parties was summarily denied without comment. Therefore, Hobson has failed to make a proper objection and to preserve error for review.

■ Nonetheless, we find that Hobson's argument is without merit. While it has been consistently held that evidence of other criminal activity is inadmissible, except where it may be used to prove intent, motive, purpose, identity, or common scheme or plan, our Supreme Court has carved out another exception in sex crimes cases where the acts show a "depraved sexual instinct." *Jarrett v. State* (1984), Ind., 465 N.E.2d 1097, 1100; *Caccavallo v. State* (1982), Ind., 436 N.E.2d 775, 776. Such acts need not be identical to the crime charged; it is sufficient if a similar instinct is demonstrated. *Jarrett,* 465 N.E.2d at 1100; *Lawrence v. State* (1984), Ind., 464 N.E.2d 923. Evidence of the commission of separate sex crimes, such as child molesting, even when not reduced to a conviction has been held to be relevant and probative under this rule. *Lawrence,* 464 N.E.2d at

924; *Knisley v. State* (1985), Ind.App., 474 N.E.2d 513, 516; *Puckett v. State* (1982), Ind.App., 443 N.E.2d 77. The incidents related by R.B. and K.W. manifest Hobson's predilection to engage in sexual contact with children; thus, the testimony is relevant to the instant child molesting charges. *See McEachern v. State* (1985), Ind.App., 474 N.E.2d 1034.

### III.

■ Hobson was charged and convicted of two Class C felonies. The applicable statute of limitations is, therefore, five years. IC 35–41–4–2(a)(1). Hobson asserts that the period of limitations was not tolled by the filing of the information on July 26, 1984, but was tolled by his arrest on August 6, 1984. We do not agree. The limitation period is tolled once the prosecution against the defendant is commenced. A prosecution is considered commenced on the earliest of the following dates:

(1) The date of filing an indictment, information, or complaint before the court having jurisdiction.

(2) The date of issuance of a valid arrest warrant.

(3) The date of arrest of the accused person by a law enforcement officer without a warrant, if the officer has authority to make the arrest.

IC 35–41–4–2(e).

In this case, the earliest of the above dates was the filing of the information on July 26, 1984. Hobson nonetheless cites *Scott v. State* (1984), Ind.App., 461 N.E.2d 141, 144–45 for the proposition that the tolling of the statute of limitations by the filing of the information would violate the spirit of the Act. However, in *Scott*, the information was filed on February 26, 1975. Further action on Scott's prosecution was not undertaken until his arrest in June of 1982. The more than seven year delay between the filing of the information and the defendant's arrest triggered the court's speedy trial analysis. *Id.* at 145. Here it

is clear that the prosecution of Hobson commenced with the filing of the information and continued with his arrest only eleven days later.

However, based on the evidence most favorable to the state it does not matter which date is used, for the evidence is sufficient to establish that the prosecution was commenced within the period of limitations. At trial K.W. testified that the act charged in the information occurred in June of 1980, before June 24, and that she was thirteen at the time the incident occurred. K.W. was born on June 24, 1967. This testimony establishes that the act occurred in 1980, which would have been within five years of both the filing of the information and Hobson's arrest. R.B. testified that the act charged took place in late August or September 1979. The statute of limitations would not have run until late August 1984, which places both dates within the limitation period. The evidence most favorable to the state establishes that the statute of limitations was not a bar to Hobson's conviction.

### IV.

■ Hobson next challenges the sufficiency of the evidence and presents two arguments in support of this issue. First he claims that there was no evidence before the jury to establish that at the time of the offense he was over sixteen years of age.[1] In reviewing sufficiency of the evidence an appellate court considers only that evidence most favorable to the state and all reasonable inferences to be drawn therefrom which support the verdict. *Smith v. State* (1985), Ind., 474 N.E.2d 71.

Here Hobson himself testified on direct examination that he moved to Indiana from Alabama in 1950, and that he moved to Gary, Indiana in 1951. He also stated he was in the Navy in 1942, and that he was first married in 1944. He further testified that he had ten children and thirty-two

1. Count II of the charge is based upon IC 35–42–4–3(c) which lists as an element that the actor be sixteen or older.

grandchildren. There was ample evidence from which the jury could have found that Hobson was over sixteen years of age. *See Brewer v. State* (1979), 271 Ind. 122, 128, 390 N.E.2d 648, 652.

Secondly, under sufficiency of the evidence, Hobson claims that there is a failure of proof, or a variance in the evidence, in that the information charged that the offenses occurred one to two years later than what was actually proved at trial. By failing to object to this evidence at trial, Hobson has again waived this allegation of error. *See Gunder v. State* (1968), 250 Ind. 689, 694, 238 N.E.2d 655, 658; *Anderson v. State* (1966), 247 Ind. 552, 557, 217 N.E.2d 840, 843; *Utley v. State* (1950), 228 Ind. 210, 215, 91 N.E.2d 355, 357; *Carson v. State* (1983), Ind.App., 459 N.E.2d 734, 735; *Howard v. State* (1982), Ind.App., 431 N.E.2d 868, 870. Furthermore, Hobson has neither attempted to show us how the preparation of his defense was impeded nor demonstrated how he was otherwise harmed. Therefore, he does not satisfy the second requirement of *Nelson v. State* (1980), 274 Ind. 218, 409 N.E.2d 637, 638, for determining that the error was fundamental. *See Perry v. State* (1984), Ind., 471 N.E.2d 270, 273; *Rufer v. State* (1980), 274 Ind. 643, 413 N.E.2d 880, 883.

In any event, we find that Hobson was not prejudiced by this variance. It is well settled that where time is not of the essence of the offense, even though the allegation specifies the crime to have occurred on or about a specific date, the state may prove that the crime occurred at any time prior to the filing of the affidavit or indictment and within the statutory period of limitations. *Herman v. State* (1965), 247 Ind. 7, 17, 210 N.E.2d 249, 255, *cert. denied* 384 U.S. 918, 86 S.Ct. 1364, 16 L.Ed.2d 439 (1966); *Brown v. State* (1980), Ind.App., 403 N.E.2d 901, 916. It is equally well recognized that this rule yields to the requirement of specific proof where the alibi statutes are invoked. *Thurston v. State* (1985), Ind., 472 N.E.2d 198, 202;

*Stallings v. State* (1953), 232 Ind. 646, 649, 114 N.E.2d 771, 773.

In this case, no alibi defense was filed, and time was not of the essence. IC 35-42-4-3; *Thurston*, 472 N.E.2d at 202. There is no indication that Hobson was in any way mislead or prejudiced by the dates charged in the information, and both offenses took place within the statute of limitations. Therefore, Hobson's position is without merit. *See Tapp v. State* (1971), 256 Ind. 422, 426, 269 N.E.2d 367, 369.

### V.

In response to Hobson's claim that the trial court failed to consider mitigating circumstances, we note that IC 35-50-2-6 provides that the presumptive sentence for a Class C felony is five years. Hobson was sentenced to the basic sentence of five years for each offense to run concurrently. When the trial court imposes the basic sentence, this court will presume that it considered the proper factors in determining that sentence. *Wilson v. State* (1984), Ind., 465 N.E.2d 717, 721; *Leming v. State* (1986), Ind.App., 487 N.E.2d 832, 836. An appellate court may not revise a sentence authorized by statute unless it is manifestly unreasonable. Indiana Rules of Procedure, Appellate Review of Sentence R. 2(1). Under the circumstances, a reasonable man could find this sentence appropriate to the offender and offense. It was, therefore, not manifestly unreasonable.

We affirm.

STATON, P.J., and HOFFMAN, J., concur.