**Kenneth WRAY, Appellant**
**(Defendant Below),**

**v.**

**STATE of Indiana, Appellee.**

**No. 49A02–8608–PC–302.**

Court of Appeals of Indiana,
Second District.

Oct. 22, 1987.

John B. Wilson, Jr., Nashville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee.

SULLIVAN, Judge.

Kenneth Wray appeals the denial of his petition for postconviction relief.

We affirm.

Wray argues that the trial court failed to state sufficient reasons for enhancing his sentence for voluntary manslaughter to the maximum of 20 years. The trial court made the following findings in sentencing Wray:

"1. Defendant has prior record.

2. Escaped twice from Boy's School.

3. Thirty-two (32) blows to the head of the victim.

4. Fired four (4) shots to the abdomen of the victim.

THEREFORE, the Court finds from these facts that more than the presumptive sentence should be imposed for the following reasons: Anything less would depreciate the seriousness of the crime." Record at 44.

Wray first argues that the trial court's finding that a lesser sentence would depreciate the seriousness of the crime is not a proper aggravating circumstance for imposition of an enhanced sentence. Wray contends that under the language of I.C. 35–38–1–7(b)(4) (Burns Code Ed.Supp.1987), depreciation of the seriousness of the crime is a proper consideration only when the

presumptive sentence is imposed in lieu of a reduced or suspended sentence or probation.

In *Evans v. State* (1986) Ind., 497 N.E.2d 919, our Supreme Court dealt with an identical argument and held:

"The list of aggravating factors contained in Ind. Code § 35–38–1–7 (Burns 1985 Repl.) includes: 'Imposition of a reduced sentence or suspension of the sentence and imposition of probation would depreciate the seriousness of the crime.' As appellant suggests, that statutory factor appears to be applicable only when the trial court is considering the imposition of a reduced sentence.

However, that is not the same factor considered by the trial court in this case. The judge found as an aggravating circumstance that a sentence less than the *enhanced* term of 50 years would depreciate the seriousness of the crime committed by Evans. Consideration of this factor was appropriate under Ind. Code § 35–38–1–7(d), which specifically notes that the statutory list of aggravating circumstances is not exhaustive. Thus, this aggravating circumstance was properly considered in enhancing Evans' sentence." 497 N.E.2d at 923–924.

The trial court in this case made a finding not unlike that considered in *Evans*. *Evans* is controlling upon this issue.

Wray next argues that the trial court erred in considering the nature of the injuries inflicted upon the victim as an aggravating circumstance. Wray's argument is based upon the fact that he pleaded guilty to voluntary manslaughter and, therefore, his actions were necessarily the result of sudden heat. Sudden heat is a mitigating factor with respect to acts which would otherwise be considered murder. Because his acts were the product of this mitigating factor, Wray argues that the same acts may not be used as aggravating factors. To do so, Wray contends, would be tantamount to "allowing a maximum

sentence in any violent felony simply because it is a violent felony." Appellant's Brief at 10.

Wray's argument is innovative and not without a certain appeal. However, it requires the acceptance of the premise that all voluntary manslaughters are identical. While it is true that all voluntary manslaughters are by definition the result of sudden heat, it is clear that the acts which flow from the sudden heat and result in death may vary in terms of severity. The mental state is the same but the acts may differ. An individual who, while acting under sudden heat, kills another is subject to punishment under the voluntary manslaughter statute. However, that punishment may be enhanced if the killing is done in a particularly heinous manner.

Wray does not argue that his prior juvenile record was an inappropriate consideration but instead asserts that it was offset by mitigating circumstances, specifically his conduct while in prison upon the original charge in this case.[1] The trial court is not required to credit the defendant's claim of mitigating circumstances. *Perry v. State* (1983) Ind., 447 N.E.2d 599. In this case, the trial court apparently determined that Wray's conduct was nothing more than what should have been expected of him. The court did not err in this regard.

The aggravating circumstances considered by the trial court were proper and sufficient to support the imposition of the maximum sentence. The denial of post-conviction relief is affirmed.

RATLIFF, C.J. and SHIELDS, P.J., concur.

---

1. Wray originally pleaded guilty to murder and had served approximately five years of a thirty

year sentence when the conviction was vacated.