James E. STEVENS, Appellant–
Defendant Below,

v.

STATE of Indiana, Appellee–
Plaintiff Below.

No. 50A04–9105–CR–165.[1]

Court of Appeals of Indiana,
Third District.

Oct. 28, 1991.

---

1. This case was diverted to this office by order of the Chief Judge.

Jere L. Humphrey, Kizer & Neu, Plymouth, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

STATON, Judge.

James Stevens appeals his convictions for Class C felony child molesting,[2] Class D felony child molesting,[3] and attempted child molesting,[4] a Class B felony. Stevens raises three issues for our review. Restated, they are:

I. Whether the conviction for attempted child molesting is supported by sufficient evidence.

II. Whether the trial court erroneously denied Stevens' motion to sever the offenses for separate trials.

III. Whether Stevens was denied effective assistance of trial counsel.

We affirm.

The evidence favorable to the State indicates that in August or September of 1989, S.G., the victim, accompanied by her mother and younger sister, encountered Stevens and his son at the truckstop where S.G.'s mother worked. S.G. and her family knew Stevens, and they stopped to talk with him. While they were talking, Stevens mentioned that he would pay S.G. and her sister to help him tidy up his mobile home. S.G.'s mother allowed her daughters to go with Stevens in his car because she needed to remain to pick up her paycheck (the children wanted to go with Stevens, a security guard, because he owned a vehicle resembling a police cruiser). S.G.'s sister sat in back with Stevens' son, and S.G. sat next to Stevens after he moved a radio located in the center of the front seat. On the way to the trailer, Stevens touched S.G. between her legs.

S.G.'s mother arrived at the mobile home soon after Stevens and began helping her daughters clean the trailer. When Stevens mentioned that he needed to buy some cat food, S.G.'s mother offered to go to a nearby convenience store to purchase some. While she was gone, Stevens asked S.G. to accompany him to the bathroom. S.G. complied, thinking that the bathroom needed cleaning. When she entered the bathroom, Stevens closed the door and urinated in front of S.G. He then pulled S.G.'s pants and underwear down, and "pushed" his penis against her. Stevens then heard S.G.'s mother returning, pulled up his pants, and returned to the living room.

Another witness, K.B. testified to an earlier, unrelated incident where she was baby-sitting for Stevens' ex-wife. On this occasion, Stevens was alone with K.B. when he entered the room in which she was baby-sitting, clad only in a towel. He be-

2. IND.CODE 35–42–4–3(b) (1988).

3. IC 35–42–4–3(b).

4. IC 35–42–4–3(a); IC 35–41–5–1(a).

gan tickling her, and then attempted to insert his hand up the leg of her shorts. When she went into another room, Stevens followed her, began tickling her again, and tried to unfasten her shorts. He was able to insert his fingers in her shorts, but his assault was interrupted by the cries of the baby and K.B.'s struggles.

Stevens first contends the evidence is not sufficient to support his conviction for attempted child molesting. In reviewing the sufficiency of the evidence, we do not weigh the evidence or judge the credibility of witnesses. We are constrained to consider only the evidence most favorable to the State, together with all reasonable and logical inferences to be drawn therefrom. *Clark v. State* (1990), Ind., 562 N.E.2d 11, 16. The verdict will not be overturned if there is substantial evidence of probative value to support the conclusion of the factfinder. *Id.*

The relevant provision of the child molesting statute provides:

(a) A person who, with a child under twelve (12) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony.

IC 35-42-4-3.

Indiana's attempt statute reads, in pertinent part:

(a) A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime.

IC 35-41-5-1.

■■ Stevens argues S.G.'s equivocal testimony does not prove his intent to engage in sexual intercourse. However, S.G. was unequivocal in her description of how Stevens exposed his genitals, pulled her pants down to expose her genitals, and in how he "pushed" his penis against her "crotch." Record, pp. 423-24. Because the element of intent requires an examination of the actor's subjective mental state, the trier of fact must resort to reasonable inferences drawn from an examination of the surrounding circumstances in order to determine the existence of intent. *Markoff v. State* (1990), Ind.App., 553 N.E.2d 194. Considering S.G.'s testimony, along with the evidence that Stevens waited until S.G.'s mother had left, that he closed the bathroom door after she entered, that he urinated in her presence, and that he halted his actions when he heard S.G.'s mother returning, we conclude that Stevens engaged in conduct amounting to a substantial step toward the commission of child molesting. His conviction for attempted child molesting is supported by substantial evidence of probative value.

■■ Stevens next argues that the trial court erred by failing to grant his motion for severance of offenses as provided by IC 35-34-1-11(a). This section, in pertinent part, states:

Whenever two (2) or more offenses have been joined for trial in the same indictment or information solely on the ground that they are of the same or similar character, the defendant shall have a right to a severance of the offenses.

*Id.* Thus, IC 35-34-1-11(a) provides the defendant with the absolute right to have the counts tried separately, and a trial court has no discretion to deny a severance motion under these circumstances. *See Hodges v. State* (1988), Ind., 524 N.E.2d 774. However, a defendant waives his right to have similar offenses tried separately where he fails to make a timely motion for severance. *Id.; Hobson v. State* (1986), Ind.App., 495 N.E.2d 741. When the trial court denies a pre-trial motion for severance of offenses, the motion may be renewed on the same grounds before or at the close of all the evidence during trial, and failure to renew the motion results in a waiver of the right. IC 35-34-1-12(b). Although Stevens made a pre-trial motion for severance, he failed to renew his motion during trial. His failure to do so results in waiver of his right to have the offenses tried separately. *See Hobson, supra,* at 744.

Finally, Stevens contends that he was denied effective assistance of counsel. Our

supreme court succinctly expressed the standard for reviewing such claims in *Burr v. State* (1986), Ind., 492 N.E.2d 306, where the court opined:

> Claims of ineffective assistance of counsel are judged under a standard which asks whether a defendant received "reasonably effective assistance." Judicial scrutiny of counsel's performance is highly deferential and should not be exercised through the distortions of hindsight. Isolated poor strategy, experience, or bad tactics do not necessarily amount to ineffectiveness of counsel. Counsel is presumed competent, and appellant must present strong and convincing evidence to rebut the presumption. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

*Burr, supra,* at 307–08.

■ If an appellant can prove by "strong and convincing evidence" that the acts or omissions of counsel were outside the wide range of professionally competent assistance, we must then ascertain whether such acts or omissions prejudiced the defendant. *Sulie v. State* (1988), Ind., 522 N.E.2d 380, *reh. denied; Strickland, supra.* Unless a defendant can demonstrate both incompetence of counsel and resulting prejudice, "it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable". *Sulie, supra,* at 384.

■ Stevens' ineffectiveness claim is based on three grounds. First, he contends that his trial lawyer should have moved for a directed verdict on the attempted child molesting charge because there was not sufficient evidence of probative value to allow the charge to go to the jury. In fact, Stevens claims his trial lawyer submitted the most damaging evidence in the form of statements made by the victim to police and welfare investigators. However, a review of the exhibits tendered by defense counsel and the questions put to the witnesses indicate that counsel was attempting to impeach S.G.'s testimony by pointing out perceived inconsistencies in the statements made to investigators. Record, pp. 548–55. As to the claim of insufficient

evidence, we have already determined that the evidence was sufficient to support Stevens' conviction for attempted child molesting. Stevens has not demonstrated ineffective assistance of counsel by this first contention.

■ Secondly, Stevens contends that his credibility was irreparably damaged by trial counsel's portrayal of the defendant as a "character" with a juvenile record who impersonated police officers. As the State observes, however, the defense strategy was apparently to demonstrate that Stevens was being persecuted not for the crimes charged, but for his unique personality. An unsuccessful defense strategy does not necessarily mean poor strategy, much less a level of performance amounting to ineffectiveness. This court will not speculate about what may have been a more advantageous strategy. *Schiro v. State* (1989), Ind., 533 N.E.2d 1201, *cert. denied,* 493 U.S. 910, 110 S.Ct. 268, 107 L.Ed.2d 218.

■ Third, Stevens argues that counsel's failure to renew his motion for severance of offenses at trial is an example of incompetence warranting a new trial. Stevens sought to sever the charges to prevent the State from "buttressing together numerous weak charges" in order to gain an advantage at trial, resulting in the denial of a fair trial. Record, pp. 29–30. While we express no opinion on the sagacity of counsel's failure to renew the motion, we note that the State is correct in its assertion that Stevens has demonstrated no prejudice from his attorney's conduct. The testimony elicited by the State from K.B., regarding the incident which occurred three to four years prior to S.G.'s molestation, would have been admissible to show the depraved sexual instinct of the defendant. *Hobson, supra,* at 744–45. The incident related by K.B. illustrated Stevens' predilection to engage in sexual contact with children, and was therefore relevant and probative evidence on the charge pertaining to S.G. *See id.* Having failed to demonstrate prejudice in this instance, Stevens may not prevail on his claim of ineffective

assistance of counsel. *See Sulie, supra,* at 384.

Affirmed.

GARRARD and BAKER, JJ., concur.