**Steven Eugene LOCKARD, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 79A02–9209–CR–431.[1]

Court of Appeals of Indiana, First District.

Oct. 21, 1992.

Transfer Denied Dec. 16, 1992.

---

1. This case was diverted to this office by order of the Chief Judge on September 10, 1992.

Steven Knecht, Lafayette, for appellant-defendant.

Linley E. Pearson, Atty. Gen. of Indiana and Deana McIntire, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

## STATEMENT OF CASE

RATLIFF, Judge.

Steven Eugene Lockard appeals from his convictions for seven (7) counts of Confinement,[2] Class C felonies. We affirm.

## ISSUES

We restate the issues on appeal as:

2. IND.CODE § 35–42–3–3.

1. Was the forty-nine (49) year sentence imposed by the trial court manifestly unreasonable?

2. Did the trial court err in imposing consecutive sentences?

3. Did the trial court err in denying Lockard's motion to enforce the plea agreement?

## FACTS

Lockard was charged with seventeen (17) counts of child molesting, seven (7) counts of confinement, and eight (8) counts of intimidation. Pursuant to a plea agreement, Lockard pleaded guilty to the confinement charges. Under the terms of the plea agreement, Lockard was required to give a clean-up statement and "pass a polygraph examination." Record at 80.

Lockard gave two clean-up statements. Record at 287–88. On February 14, 1992, Lockard submitted to a polygraph examination administered by Officer Roy Gross of the Tippecanoe County Sheriff's Office. Lockard was required to close his eyes during the examination. Lockard failed the polygraph examination and Officer Gross opined that Lockard had not told the complete truth. Record at 296–98. The trial court found: "that the defendant [Lockard] did not pass the polygraph; that he was deceptive; and the Court is not bound under paragraph two of the plea agreement which had a cap [on sentencing]." Record at 184. The trial court judge sentenced Lockard to seven (7) years on each of the seven (7) counts with one (1) year each suspended, such sentences to be served consecutively. Lockard now appeals.

## DISCUSSION AND DECISION

*Issue One*

Lockard argues that the trial court's imposition of a forty-nine (49) year sentence for his convictions of seven (7) counts of confinement was manifestly unreasonable. We find no abuse of the trial court's discretion.

In reviewing a sentence, we will not reverse a sentence authorized by statute unless it is found to be manifestly unreasonable. *Kail v. State* (1988), Ind. App., 528 N.E.2d 799, 810, *trans. denied.* A sentence is manifestly unreasonable only if no reasonable person could find the sentence appropriate to the nature of the offense and the character of the offender. *Id.* Further, it is within the trial court's discretion to increase or decrease the presumptive sentence based on aggravating or mitigating circumstances. *Wilson v. State* (1984), Ind., 465 N.E.2d 717, 721. The presumptive sentence for a Class C felony under IND.CODE § 35–50–2–6 is four (4) years' imprisonment with not more than four (4) years added for aggravating circumstances or two (2) years subtracted for mitigating circumstances.

Lockard was sentenced to seven (7) years for each of the Class C felony convictions. Hence, Lockard's sentences are authorized by statute. In enhancing Lockard's sentences from the presumptive four (4) years' imprisonment, the sentencing transcript shows that the trial court carefully considered both aggravating and mitigating circumstances. *See* Record at 315–20. As mitigating, the trial court considered that Lockard had been molested as a child; that he had worked regularly; and that he was remorseful. Record at 315. However, the trial court also found several aggravating factors. The court considered admissions in Lockard's clean-up statements and the presentence report that he repeatedly molested his step-daughters and threatened them. Record at 93–94 and 316–18. The court found that Lockard needed correctional or rehabilitative treatment which could best be provided by a penal institution. Record at 319. The court also considered the likelihood of reoccurrence and that the imposition of a reduced sentence would depreciate the seriousness of the crime. Record at 318–19.

Lockard improperly argues that evidence of the child molestings should not have been considered. A sentencing judge does not err in considering prior criminal conduct which has not been reduced to

conviction and evidence of prior uncharged crimes. *Hensley v. State* (1991), Ind.App., 573 N.E.2d 913, 917. Lockard's admission of child molesting was appropriately considered by the trial court in determining his sentence. Lockard has failed to show that the trial court abused its discretion or that his total sentence was manifestly unreasonable. *See Stewart v. State* (1988), Ind., 531 N.E.2d 1146, 1150 (one aggravating circumstance will support sentence enhancement).

*Issue Two*

■ Lockard also contends that the trial court committed an error of law in ordering his sentences to be served consecutively. We disagree.

■ A trial court is vested with wide discretion to determine whether the presumptive sentence will be enhanced because of aggravating factors involving the particular defendant or crime, and whether the terms of imprisonment stemming from multiple convictions shall be served concurrently or consecutively. *Shippen v. State* (1985), Ind., 477 N.E.2d 903, 905. Therefore, a trial court may, on consideration of relevant facts and information, enhance the basic penalties, impose consecutive sentences, or both. *Id.* The decision to enhance the presumptive sentence or to impose consecutive sentences may be based upon the same aggravating circumstances. *Maynard v. State* (1987), Ind., 513 N.E.2d 641, 648. As we have previously noted, the trial court properly considered various aggravating factors, including Lockard's admission of child molesting and his prior criminal record. *See Issue One.*

Lockard's contention that the trial court erred in failing to consider his lack of prior history of criminal activity as a mitigating factor is meritless. As we explained in *Issue One,* a court does not err in considering as aggravating circumstances prior criminal conduct which has not been reduced to conviction and evidence of prior uncharged crimes. *See Hensley,* 573 N.E.2d at 917. Lockard by his own admission was previously "arrested for writing bad checks and for arguing with his wife." Appellant's Brief at 14. A criminal charge of invasion of privacy was pending against him. *See* Record at 85. Moreover, Lockard had been originally arrested and charged with seventeen (17) counts of child molesting and eight (8) counts of intimidation besides the seven (7) counts of confinement. Contrary to Lockard's assertion, he did, in fact, have a history of criminal activity properly considered by the trial court as an aggravating circumstance. There was no abuse of discretion in the trial court's imposition of consecutive sentences.

*Issue Three*

■ Finally, Lockard argues that the trial court erred in denying his motion to enforce the plea agreement. He contends the reliance on the polygraph examiner's opinion that he failed the examination was improper and not sufficient to invalidate the plea agreement.

■ A plea agreement should not be lightly disregarded. *Spivey v. State* (1990), Ind.App., 553 N.E.2d 508, 509. However, if a court is to enforce the agreement, a defendant must honor his obligations under the agreement. *Id.* at 510. Here, the plea agreement specifically required Lockard to *pass* a polygraph examination to demonstrate his truthfulness in his clean-up statement before the State would be bound by the sentence offer in the agreement. Record at 80–81. At the sentencing hearing Officer Gross, the polygraph examiner, stated that Lockard had failed the examination because Lockard was not completely truthful. Record at 296–98. Since it was a requirement that Lockard take and *pass* a polygraph examination, the trial court did not err in denying Lockard's motion. Lockard failed to meet his obligations under the plea agreement and should, therefore, not receive the benefits from it. *See Spivey,* 553 N.E.2d at 508.

Affirmed.

ROBERTSON, J., concurs.

SULLIVAN, J., concurs with separate opinion.

SULLIVAN, Judge, concurring.

I concur in the affirmance of the guilty plea conviction and in the sentences imposed. I do so, however, on grounds different than those stated by the majority.

The aggregate sentence of 49 years results from enhancement of each of the seven counts and requiring each of the seven sentences to be served consecutively. In imposing the sentences, the trial court relied upon the same aggravating circumstances as to each enhancement and consecutive sentence. The law as it presently exists permits a trial court to do so. *Maynard v. State* (1987) Ind., 513 N.E.2d 641. However, such sentencing is appropriate only when the aggravating factor or factors considered are valid.

Here, one of the aggravating factors considered was that: "imposition of reduced sentence or suspension of the sentence and imposition of probation would depreciate [the] seriousness of the crime." Record at 319. The trial court did not impose the presumptive sentence or less than the presumptive sentence. Neither did it consider the factor in light of *Evans v. State* (1986) Ind., 497 N.E.2d 919. In that case, depreciation of the seriousness of the crime was held appropriate to consideration of imposing less than the enhanced sentence given. *See also Wray v. State* (1987) 2d Dist. Ind.App., 514 N.E.2d 96. The trial court here did not indicate a similar analysis even though it did in fact impose the enhanced and consecutive sentences.

Even if it were otherwise and the "depreciation of seriousness" factor was appropriately considered, the aggregate sentences might well be held excessive in light of the crimes for which Lockard was convicted. He was not convicted of Child Molesting. To the contrary, at the sentencing hearing the Prosecutor specifically told the trial court that because the children had recanted, she did not have any choice and that she either had to enter into "this type of agreement", i.e., a plea to the confinement charges, or lose the case altogether. "So that's what I did. To get something out of

it. To have a handle over him." Record at 306–307.

The convictions upon the guilty plea are of particular significance *vis a vis* the sentences imposed, because there was no factual basis established for the confinement convictions.[3] Lockard admitted that upon occasion he had confined the girls to their rooms: "I told them, you know, that they had to mind, but they just didn't want to listen.... And you know, I lock them in their rooms or something like that and try to keep them from getting hurt." Record at 215. This response by Lockard was solely with regard to events in 1988 and 1989. There was absolutely no factual basis for the offenses alleged to have taken place in 1990, i.e., Counts XXII, XXIII and XXIV.

There is nothing of record which would indicate that the confinements involved were criminal in nature or that Lockard had the requisite mens rea. Although the Criminal Confinement statute, I.C. 35–42–3–3(a) (Burns Code Ed.Supp.1992), which makes the offense of confinement a Class C felony rather than a Class D felony if the person confined is under the age of 14 and is "not his child", such provision should not be construed to criminalize appropriate disciplinary action by a stepparent. To the contrary, the law has recognized that when assumed, a duty exists on the part of a stepparent to care for and discipline the stepchild. *Shoup v. State* (1991) 2d Dist. Ind.App., 570 N.E.2d 1298, *trans. denied.* Thus, care, custody, and control are to be interpreted according to the facts of the particular case and not solely by reference to the legal or biological relationship of the alleged victim and the accused. *Survey, Criminal Law,* 18 Ind.L.Rev. 157, 175.

Because a stepparent who fails to properly care for or appropriately discipline a dependent child may be convicted of neglect of a dependent pursuant to I.C. 35–46–1–4 (Burns Code Ed.1985), cases involving neglectful confinement are instructive. In the context of dependent neglect, an alleged act of improper and criminal con-

---

**3.** The record does not indicate that any of the instances covered by the seventeen charges of

child molestation formed the factual predicates for the confinement allegations.

finement is viewed with an eye toward the statutory justification for "engag[ing] in conduct otherwise prohibited if he has legal authority to do so." I.C. 35–41–3–1 (Burns Code Ed.1985). This legal authority includes reasonable parental discipline which would otherwise constitute a criminal offense. See *Smith v. State* (1986) 4th Dist. Ind.App., 489 N.E.2d 140, *trans. denied*.[4]

In order to be justified, the parental discipline must not be cruel or excessive. *Smith v. State, supra.* Thus it would appear rational to hold a stepparent criminally responsible for exceeding his assumed duty of care and control only if the confinement is excessive, unreasonable or cruel. This court in *Hartbarger v. State* (1990) 2d Dist. Ind.App., 555 N.E.2d 485, *trans. denied,* held that the test is to be determined by an objective standard and that the confinement must be such as to result in a harm to the victim. *See generally* Annotation, *Criminal Liability for Excessive or Improper Punishment Inflicted on Child by Parent, Teacher, or One in Loco Parentis,* 89 A.L.R.2d 396 (1963), and Later Case Service. It is not enough that the child or stepchild "victim" is made to remain in a non-dangerous particular location, such as the child's bedroom or in a chair facing the wall, when the victim would prefer to be elsewhere. Here, there is no indication of record that the alleged confinements were other than for proper disciplinary reasons.

Nevertheless, in the light of relatively new Indiana case law, the guilty plea convictions are valid. Although *Trueblood v. State* (1992) Ind., 587 N.E.2d 105, involved imposition of the death penalty following a guilty plea, our Supreme Court used phrasing applicable to all guilty pleas:

"Defendants should have the option, however, to plead guilty if they so choose. They may want to do so for a multitude of reasons that may be favorable to them." *Id.* at 108.

As stated in *North Carolina v. Alford* (1970) 400 U.S. 25, 91 S.Ct. 160, 164, 27 L.Ed.2d 162:

"The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."

It was clearly in Lockard's best interest to plead to the seven counts of confinement in light of the agreement to dismiss seventeen counts of child molesting and eight counts of intimidation. For this reason I concur.

---

**4.** Kentucky's statute is more definitive with respect to parental discipline. It provides that the use of physical force is justifiable if the defendant is a parent, guardian or other person entrusted with the care and supervision of a minor and the defendant reasonably believes that his conduct is necessary to promote the welfare of the minor or to maintain discipline. 17 Ky.Rev. Stat.Ann. § 503.110 (Baldwin 1990).