FILED

Mar 11 2020, 8:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

R. Thomas Lowe
New Albany, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Benjamen P. Chastain, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | March 11, 2020 <br><br> Court of Appeals Case No. 19A-CR-1539 <br><br> Appeal from the Orange Circuit Court <br><br> The Honorable Steven L. Owen, Judge <br><br> Trial Court Cause No. 59C01-1602-FA-212 |

**Altice, Judge.**

## Case Summary

[1]   Benjamen P. Chastain appeals his conviction and sentence for Class A felony child molesting.  He contends that the trial court allowed, over his objection, improper hearsay evidence, which was used to elevate the offense from a Class

B felony to a Class A felony. The State concedes this point and asks that we reduce the conviction to a Class B felony. Additionally, Chastain challenges the sentence imposed by the trial court.

[2] We reverse and remand.

## Facts & Procedural History

[3] As a child, B.L. lived with her mother but spent about every other weekend with her father and stepmother, Angie. Chastain is married to Angie's sister, Amanda. B.L. often spent time with Chastain and Amanda when visiting her father.

[4] On one occasion when B.L. was eight or nine years old,[1] B.L. spent the night with Chastain and Amanda in their trailer. Amanda was pregnant at the time with the couple's first child, who was born July 31, 1999. B.L. fell asleep with the couple in their bed but at some point, Amanda moved to the living room couch because she was not feeling well. Thereafter, B.L. was awakened by Chastain as he placed his hand inside her shorts. B.L. closed her legs together, but Chastain proceeded to put his hand inside B.L.'s underwear and then penetrate her vagina with his finger. B.L. immediately got up and ran into the living room with Amanda for safety. B.L. was unable to wake Amanda, so B.L. remained awake until the sun came up and then ran back to her father's

---

[1] B.L. turned nine years old in June 1999.

trailer. B.L. was too scared to tell anyone about the incident and thought no one would believe her, so she remained quiet. Throughout the remainder of her childhood, B.L. made sure to never again be alone with Chastain, and she made it apparent to her family that she did not like Chastain.

[5] In December 2015, allegations arose regarding Chastain recently molesting B.L.'s eleven-year-old half-sister. This resulted in B.L. disclosing her own prior molestation by Chastain to her stepmother. B.L. and her half-sister gave statements to investigators with the Paoli Police Department. Another relative, L.B., also claimed to have been molested by Chastain on one occasion around 2001 or 2002 when she was five or six years old.

[6] On February 23, 2016, the State charged Chastain with two counts of Class A felony child molesting and one count of Class C felony child molesting. The Class A felony charges involved the allegations by B.L. and L.B., respectively, and the Class C felony involved B.L. No charges were filed by the State with respect to the allegations made by B.L.'s sister. The Class C felony count was later dismissed as being filed outside the statute of limitations.

[7] Chastain's jury trial on the two Class A felony counts commenced on April 16, 2019. The jury found Chastain guilty of the Class A child molesting count involving B.L. but not guilty of the count involving L.B. At the conclusion of the sentencing hearing on May 28, 2019, the trial court sentenced Chastain to forty years in prison with ten of those years suspended to probation. Chastain now appeals. Additional information will be provided below as needed.

## Discussion & Decision

### 1. Improper Admission of Hearsay Evidence

[8] Chastain's offense was elevated from a Class B felony to a Class A felony because he was at least twenty-one years old when he molested B.L. *See* Ind. Code § 35-42-4-3(a)(1) (based on former version of statute in effect at time of crime). The only evidence the State presented to establish this essential element was the testimony of Detective Mesarosh, who was permitted to testify, over Chastain's hearsay objection, that information contained in records from the Bureau of Motor Vehicles (which were not admitted into evidence) listed Chastain's date of birth as January 12, 1976.

[9] The State appropriately concedes on appeal that the detective's testimony in this regard constituted inadmissible hearsay evidence. *See* Ind. Evidence Rules 801(c) and 802. Because this improper evidence was used to elevate the offense, Chastain and the State request that we reduce the conviction to a Class B felony.[2] Accordingly, we remand to the trial court for entry of judgment of conviction and resentencing for a Class B felony.

### 2. Sentence

---

[2] The State recognizes that we could remand this case for a new trial on the Class A felony count. *See Carr* v. *State*, 934 N.E.2d 1096, 1109 (Ind. 2010). Nevertheless, seeking to avoid a retrial, the State expressly stipulates to the reduction of the offense to a Class B felony.

[10] Chastain also challenges the forty-year sentence imposed by the trial court. Although he specifically frames the issue under the inappropriate analysis of Ind. Appellate Rule 7(B), Chastain also peppers his argument with claims that the trial court abused its discretion in its consideration of aggravating circumstances. This is improper. "[I]inappropriate sentence and abuse of discretion claims are to be analyzed separately" and, thus, "inappropriate sentence analysis does not involve an argument that the trial court abused its discretion in sentencing the defendant." *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008).

[11] Regardless, we need not reach Chastain's argument, pursuant to App. R. 7(B), that his forty-year sentence is inappropriate in light of his character and the nature of his offense. This issue is moot given our disposition of the issue above resulting in remand for resentencing for Class B felony child molesting.

[12] Because the issues will likely arise on remand, we briefly address Chastain's claims regarding two of the aggravating factors. First, Chastain contends that the trial court improperly considered the age of the victim to be an aggravating circumstance. The record establishes that B.L. was either eight years old or had just turned nine at the time Chastain molested her. We cannot say that the trial court's consideration of the victim's tender age, which was substantially less than the statutory age of fourteen years old, constitutes an abuse of discretion. The trial court, however, must set forth particularized circumstances justifying this aggravator. *See McCoy v. State*, 96 N.E.3d 95, 99 (Ind. Ct. App. 2018) ("While the victim being under twelve can be an aggravator, *see* Ind. Code § 35-

38-1-7.1(a)(3), our Supreme Court has made clear that '[w]hen the age of a victim constitutes a material element of the crime,' the trial court cannot treat it as an aggravating circumstance unless it sets forth 'particularized circumstances' justifying such treatment[.]") (quoting *McCarthy v. State*, 749 N.E.2d 528, 539 (Ind. 2001)); *see also Reyes v. State*, 909 N.E.2d 1124, 1128 (Ind. Ct. App. 2009) (upholding use of molestation victim's tender age of nine years old as aggravator where trial court addressed relevance of age).

[13] On the other hand, we agree with Chastain that the following aggravating factor found by the trial court is concerning:

> There were other allegations of child abuse. Three victims came forward to accuse the defendant of child abuse. Abusing children appears to have been a pattern of behavior on behalf of the defendant. See *Lockard v. State*, 600 N.E.2d 985, 987-88 (Ind. Ct. App. 1992) (uncharged misconduct is a valid sentence aggravator). The Court gave significant weight to this factor.

*Appellant's Appendix* at 120. *Lockard* is not applicable here because Chastain did not admit to molesting the other two children. *See Lockard*, 600 N.E.2d at 987-88 (holding that trial court did not abuse its discretion by considering defendant's admissions to repeatedly molesting his stepdaughters, though defendant only pled guilty pursuant to a plea agreement to other offenses involving the same victims). More importantly, the jury found Chastain not guilty of the allegations involving L.B., and, therefore, those allegations may not be considered in sentencing him for the molestation of B.L. *See McNew v. State*, 391 N.E.2d 607, 612 (Ind. 1979). With respect to the third alleged victim,

we observe that Chastain has not admitted to molesting her, and the State has not filed charges against him based on these allegations. Accordingly, on remand, the trial court should be cautious in its consideration of the uncharged allegations. *Cf. Wilkes v. State*, 917 N.E.2d 675, 692 (Ind. 2009) (holding that consideration of defendant's admitted sexual activity with child murder victim was not improper because "relevant evidence of another crime is admissible to rebut the defendant's claimed lack of criminal history even if that evidence may not be sufficient to support a conviction"), *cert. denied*.

[14] Judgment reversed and cause remanded with instructions to reduce the conviction to a Class B felony and to resentence Chastain.

Robb, J. and Bradford, C.J., concur.