Teola SPINDLER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 54A01–8912–CR–538.

Court of Appeals of Indiana,
First District.

June 28, 1990.

Kurt R. Homann, Groves & Homann, Crawfordsville, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Geoff Davis, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Teola Spindler (Spindler) appeals her conviction of Resisting Law Enforcement [1], a class A misdemeanor, Possession of Marijuana [2], a class A misdemeanor, Possession of Paraphernalia [3], a class A misdemeanor, and Disorderly Conduct [4], a class B misdemeanor. We affirm.

## FACTS

Spindler summoned police for assistance on the evening of August 31, 1988. Because of her behavior in front of the responding officers, the officers arrested her for public intoxication and disorderly conduct. The officers also charged Spindler with resisting law enforcement because of

1. IND.CODE § 35–44–3–3.

2. IND.CODE § 35–48–4–11.

her behavior when they attempted to arrest her and transport her to the police station.

The jail matron who booked Spindler inventoried the contents of Spindler's purse. Upon discovering a red tin box in Spindler's purse, the matron opened it and found marijuana, rolling papers, and a roach clip. Thereupon, Spindler was also charged with possession of marijuana and possession of paraphernalia.

A jury convicted Spindler of all charges except for public intoxication. When the jury foreman presented the court with the verdict forms, he also presented a note that the jury unanimously thought the arresting officers had contributed to Spindler's commission of the offenses of disorderly conduct and resisting law enforcement.

## ISSUES

1. Whether the trial court erred in denying Spindler's motion to sever trial of the possession of marijuana and possession of paraphernalia offenses from the trial of the disorderly conduct, public intoxication, and resisting law enforcement offenses.

2. Whether the trial court committed fundamental error in its preliminary and final instructions defining the offense and elements of possession of paraphernalia.

3. Whether the trial court erred in admitting marijuana and paraphernalia found by a jail matron in a tin in Spindler's purse during an inventory.

4. Whether the jury's verdict of guilty of disorderly conduct and resisting law enforcement was rendered uncertain by an accompanying jury note that officers had contributed to Spindler's commission of the offenses.

## DISCUSSION AND DECISION

*Issue One*

■ Spindler made a pretrial motion for severance of the possession of marijuana and possession of paraphernalia charges

3. IND.CODE § 35–48–4–8.3.

4. IND.CODE § 35–45–1–3.

from those of disorderly conduct, public intoxication, and resisting law enforcement. Spindler did not renew her motion for severance during trial. Spindler now contends the trial court erred in refusing to sever the charges.

■ IND.CODE § 35–34–1–12 permits a defendant to renew a motion for severance before or at the close of all the evidence during trial. "The right to severance of offenses ... is waived by failure to renew the motion." I.C. § 35–34–1–12(b); *see also Anderson v. State* (1982), Ind., 431 N.E.2d 777, 778; *Ford v. State* (1987), Ind. App., 506 N.E.2d 835, 836–37. By not renewing her motion for severance, Spindler has not preserved the alleged error and has waived it for appellate review.

Notwithstanding waiver of Spindler's argument, we must affirm the trial court's ruling. Two or more charges may be joined in an information when they are based on "a series of acts connected together." IND.CODE § 35–34–1–9(a). A trial court is required by IND.CODE § 35–34–1–11(a) to sever offenses only when two or more offenses have been joined solely because they are of the same or similar character. In all other cases, the trial court has discretion to sever the offenses to promote a fair determination of the defendant's guilt or innocence. I.C. § 35–34–1–11(a); *see also Moore v. State* (1989), Ind., 545 N.E.2d 828, 829. The court is to consider the number of offenses, the complexity of the evidence, and whether the trier of fact will be able to distinguish the evidence applicable to each offense. I.C. § 35–34–1–11(a). Acquittal on one charge is evidence a jury has the ability to treat offenses separately. *Burst v. State* (1986), Ind.App., 499 N.E.2d 1140, 1144, *trans. denied*.

Spindler was not charged with offenses which were joined solely because they were of the same or similar character. Therefore, she was not entitled to a severance as a matter of right. All five charges arose from a series of acts connected together in time and place. Thus, they were properly joined initially and severance was a matter of the trial court's discretion. The evidence was not so complex or copious that the jury could not distinguish the evidence applicable to each offense. The fact the jury acquitted Spindler of public intoxication is evidence the jury was able to distinguish the evidence. In light of the above, we hold the trial court did not abuse its discretion in denying the motion for severance.

*Issue Two*

■ Spindler contends the trial court erroneously instructed the jury on both the definition and the elements of possession of paraphernalia. Spindler concedes she failed to object to the instructions when they were given to the jury. Generally, failure to make a specific objection to an instruction at trial waives the error for appeal. *Cox v. State* (1985), Ind., 475 N.E.2d 664, 669; *see also* Ind.Crim.Rule 8(B). However, Spindler alleges the instructions given were fundamentally erroneous. Under the fundamental error doctrine we may ignore the usual requirement of a timely and specific objection and consider the merits of an improperly raised error. *Hoemig v. State* (1988), Ind.App., 522 N.E.2d 392, 396. A fundamental error is one so blatant and prejudicial that if not corrected the defendant would have been denied fundamental due process. *Haymaker v. State* (1988), Ind., 528 N.E.2d 83, 85–86.

■ The preliminary instruction given by the court which Spindler now complains of was:

"The statute defining the offense of possession of paraphernalia as a class A misdemeanor which was in force at the time of the offense charged reads as follows: Indiana Code 35–48–4–8.3. A person who possesses an instrument that [sic] intends to use in connection with marijuana commits possession of paraphernalia as a class A misdemeanor."

Record at 170. The final instruction was the same except for the addition of a comma after "misdemeanor" the first time it was used, and the addition of the word "he" before "intends." Record at 465. In addition, Spindler objects to the court's instruction on the elements of possession of

paraphernalia which instruction was as follows:

"To convict the defendant of possession of paraphernalia as a class A misdemeanor, the state must prove each of the following elements: the defendant possessed an instrument, device, or other object intended to use in connection with marijuana. If the state failed to prove each of these elements beyond a reasonable doubt, you should find the defendant not guilty. If the state did prove each of these elements beyond a reasonable doubt, you should find the defendant guilty of possession of paraphernalia as a class A misdemeanor."

Record at 470. The version of the possession of paraphernalia statute, IND.CODE § 35–48–4–8.3, which was in effect at the time Spindler was charged in 1988 read as follows:

"(a) A person who possesses a raw material, instrument, device, or other object that he intends to use for:

(1) introducing into his body a controlled substance;

(2) testing the strength, effectiveness, or purity of a controlled substance; or

(3) enhancing the effect of a controlled substance;

in violation of this chapter commits possession of paraphernalia, a Class D felony."

However, the offense was a class A misdemeanor if the person intended to use the object with marijuana. I.C. § 35–48–4–8.3(b).

Spindler testified the marijuana in the tin in her purse was from a plant growing in her back yard and that she used the rolling papers to roll it up and smoke it. The State presented evidence that a roach clip is used to hold a marijuana cigarette and enable a marijuana cigarette smoker to smoke the entire cigarette. The roach clip found in Spindler's purse had burnt residue and a cigarette butt on the end of it. As the State points out, "Given this evidence, the jury would have assumed the intended use of the instrument in connection with marijuana to which the judge referred in his instructions meant smoking, one method of introducing a controlled substance into the body." Appellee's Brief at 12.

We recognize the trial court's instructions were incomplete in not specifying the usages under I.C. 35–48–4–8.3(a)(1–3) to which the jury should have considered Spindler might put the rolling papers and roach clip. Nevertheless, the location of the marijuana, rolling papers, and roach clip in the tin together make it highly unlikely the jury would have been misled by the court's instructions into convicting Spindler for possession of an instrument or other object to be used in connection with marijuana other than by smoking it. We hold the trial court did not commit fundamental error in its preliminary or final instructions regarding possession of paraphernalia.

*Issue Three*

■ Spindler contends the trial court erred in admitting the marijuana and paraphernalia. Spindler argues the jail matron's inventory search of the red tin container discovered in Spindler's purse was not a search made pursuant to standard police procedure because no written guidelines for inventorying an arrestee's belongings existed in the Montgomery County Sheriff's Department when Spindler was arrested and because case law does not support the inventorying of contents of closed containers located within other containers.

■ An inventory search is an exception to the warrant requirement and probable cause to search is not necessary. *Eguia v. State* (1984), Ind.App., 468 N.E.2d 559, 567. An inventory of a defendant's property prior to incarceration is a valid search and an accepted administrative procedure to protect both prisoner and police officer. Opening a container and searching its contents during an inventory search is a reasonable search. *Id.*

In *Eguia* we relied upon the holding in *Illinois v. Lafayette* (1983), 462 U.S. 640, 648, 103 S.Ct. 2605, 2611, 77 L.Ed.2d 65, 73, that it is reasonable under the fourth amendment for police, in accordance with an established and routine inventory proce-

dure incident to incarceration of an arrestee, to search any container or article in the arrestee's possession. In *Florida v. Wells* (1990), ⸺ U.S. ⸺, 110 S.Ct. 1632, 109 L.Ed.2d 1, the Supreme Court stated that "standardized criteria or established routine must regulate the opening of containers found during inventory searches [ ] based on the principle that an inventory search must not be a ruse for a general rummaging in order to discover incriminating evidence." *Id.* ⸺ U.S. at ⸺, 110 S.Ct. at 1635, 109 L.Ed.2d at 6. (citations omitted.) The court held, "A police officer may be allowed sufficient latitude to determine whether a particular container should or should not be opened in light of the nature of the search and characteristics of the container itself. Thus, while policies of opening all containers or of opening no containers are unquestionably permissible, it would be equally permissible, for example, to allow the opening of closed containers whose contents officers determine they are unable to ascertain from examining the containers' exteriors." *Id.*

In the present case, a police officer testified that an inventory of an arrestee's belongings was part of the general processing procedure. In addition, the jail matron who inventoried the contents of Spindler's purse testified an inventory was part of the book-in procedure, she was to inventory all items found in a purse so that money and jewelry could be secured, and it was policy that everything be inventoried. Although she admitted the inventory procedure was not in writing, she stated she had received personal instruction on the procedure when she began her job as matron.

While a written standardized inventory procedure would have been preferable in order to avoid uncertainty of application, we cannot say, in light of the above-mentioned case law, that the lack of written guidelines for inventorying an arrestee's belongings prevented the questioned policy from being considered as established and routine. Because the inventory policy followed by the matron required the inventorying of all items within a purse or other container, the trial court did not err in admitting evidence of the contents of the

closed tin located within Spindler's purse which evidence was obtained during an established and routine inventory search.

*Issue Four*

 Spindler asserts error, contending the note from the jury which commented that officers' conduct contributed to the disorderly conduct and resisting law enforcement charges constituted part of the jury's verdict and prevented the entering of judgment of conviction on those two charges.

IND.CODE § 35–37–2–7 requires that a jury render its verdict in open court if all jurors appear. A verdict is not considered defective unless it is so uncertain that no judgment can be rendered upon it. *King v. State* (1984), Ind.App., 469 N.E.2d 1201, 1204, *trans. denied.* "[W]ords added to a verdict are considered surplusage unless inconsistent with the jury's determination." *Davenport v. State* (1984), Ind., 464 N.E.2d 1302, 1307, *cert. denied* 469 U.S. 1043, 105 S.Ct. 529, 83 L.Ed.2d 416.

The trial court properly read the completed verdict forms in open court, but did not disclose the existence or contents of the jury's note until after discharging the jury. However, the note merely expressed the jury's disapproval of the officers' conduct. In addition, the jury had a blank not guilty form before it as well as a guilty form. Had the jury doubted Spindler's guilt, it could have completed the not guilty form. Therefore, we hold the jury's note was mere surplusage and was not inconsistent with its verdict of guilt of disorderly conduct and resisting law enforcement.

We affirm the trial court's judgment on all issues raised.

Affirmed.

HOFFMAN, P.J., and ROBERTSON, J., concur.