**Richard D. FRAME, Appellant–Defendant Below,**

v.

**STATE of Indiana, Appellee–Plaintiff Below.**

**No. 20A03–9108–CR–263.**

Court of Appeals of Indiana, Third District.

March 5, 1992.

Rehearing Denied April 29, 1992.

Thomas A. Murto, Murto & Holbrook, Goshen, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

STATON, Judge.

Richard Frame appeals his conviction for driving while intoxicated (DWI), a Class D felony by virtue of Frame's prior DWI conviction.[1] As his sole allegation of error, Frame contends that the trial court improperly enhanced his conviction because he was not represented by counsel at the proceeding on the earlier DWI charge.

We affirm.

On May 23, 1990, the State filed a charge of DWI against Frame, alleging that he was previously convicted for DWI occurring on or about March 27, 1989. In the earlier proceeding, Frame was not represented by counsel and pled guilty to misdemeanor DWI. In the instant case, Frame pled guilty to operating his vehicle while intoxicated, but argued that his prior conviction was invalid for the purpose of elevating his present offense to a Class D felony. The court ruled that the prior conviction was valid, and Frame appeals.

Frame contends that the enhancement of his offense violates the rule articulated in *Baldasar v. Illinois* (1980), 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169. In a per curiam decision, the U.S. Supreme Court in *Baldasar* concluded that a prior uncounseled misdemeanor conviction for petty theft could not support enhancing defendant's second conviction for petty theft to a felony (entailing a three year prison sentence). In the first of three separate concurring opinions supporting the decision, Justice Stewart concluded that the defendant's enhancement ran afoul of the Sixth and Fourteenth Amendments to the United States Constitution which require "only that no indigent criminal defendant be sen-

---

1. *See* IND.CODE §§ 9–11–2–2, –3 (1988) (Repealed by P.L. 2–1991, Sec. 109; now found at IC §§ 9–30–5–2, –3 (Supp.1991)).

tenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense." 446 U.S. at 224, 100 S.Ct. at 1586 (quoting *Scott v. Illinois* (1979), 440 U.S. 367, 373–74, 99 S.Ct. 1158, 1162, 59 L.Ed.2d 383). Justices Brennan and Stevens concurred in Justice Stewart's opinion.

In the second concurring opinion, Justice Marshall wrote that the defendant's enhancement was forbidden under the rules pronounced in *Scott, supra,* and *Argersinger v. Hamlin* (1972), 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530. In *Argersinger* the Court held that, "absent a knowing and intelligent waiver, no person may be imprisoned for any offense ... unless he was represented by counsel at his trial." 407 U.S. at 37, 92 S.Ct. at 2012 (rejecting the suggestion that the right to counsel applies only to nonpetty offenses where the accused had a right to a jury trial). As later interpreted in *Scott, supra,* this holding rested on the conclusion that incarceration is so severe a sanction that "it should not be imposed as a result of a criminal trial unless an indigent defendant had been offered appointed counsel to assist in his defense[.]" 440 U.S. at 372–73, 99 S.Ct. at 1161. In Justice Marshall's view, an uncounseled conviction is inherently unreliable, and should not be the basis for imprisonment. Justice Marshall concluded that a conviction that is invalid for imposing a prison term directly, but valid for imposing a prison term collaterally, is unconstitutional and cannot stand. *Baldasar, supra,* at 225–27, 100 S.Ct. at 1587–88. Again, Justices Brennan and Stevens concurred in this opinion.

Justice Blackmun, in the third concurring opinion, opted for the "bright line" approach first articulated in his dissent to *Scott, supra,* at 389–90, 99 S.Ct. at 1170. Justice Blackmun stated that an indigent defendant must be afforded appointed counsel where the offense was either punishable by more than six months' imprisonment or when the defendant is convicted and actually subjected to a term of imprisonment. Thus, Justice Blackmun concluded that where such a defendant is not afforded counsel, the conviction is invalid

and may not be used to support enhancement. *Baldasar, supra,* at 229–30, 100 S.Ct. at 1589.

As the State observes in its brief, federal and state courts have questioned the application and scope of the *Baldasar* decision. *See, e.g., Schindler v. Clerk of Circuit Court* (7th Cir.1983), 715 F.2d 341, *cert. denied* (stating that *Baldasar* provides little guidance outside of the precise factual context in which it arose); *State v. Laurick* (1990), 120 N.J. 1, 575 A.2d 1340 (questioning the continued vitality of the *Baldasar* decision). However, as Frame observes, many state courts have composed a rule from *Baldasar* and applied it to circumstances similar to those before this court. *See, e.g., People v. Stratton* (1985), 148 Mich.App. 70, 384 N.W.2d 83; *State v. Orr* (1985), N.D., 375 N.W.2d 171; *State v. Oehm* (1984), 9 Kan.App.2d 399, 680 P.2d 309.

The task of extracting a rule of law from a fragmented Supreme Court decision is not an easy one. Nonetheless, when no opinion in a Supreme Court decision commands the support of the majority of the Justices, the holding of the Court is determined by "the least common denominator," i.e., the position taken by the Justices who based their acquiescence in the decision on the narrowest grounds. *Marks v. United States* (1977), 430 U.S. 188, 193, 97 S.Ct. 990, 993, 51 L.Ed.2d 260. The least common denominator in *Baldasar* appears to this court to prohibit the use of a prior uncounseled misdemeanor conviction to enhance a later conviction to a felony resulting in a prison sentence that would not have been handed down but for the prior conviction. This interpretation comports with the opinions of Justices Stewart and Marshall, as concurred in by Justices Brennan and Stevens. Justice Blackmun's approach, where counsel must be afforded to defendants prosecuted for a criminal offense that is punishable by more than six months' imprisonment (or where the defendant is sentenced to imprisonment for the first offense), does not conflict with this view *on the circumstances of this case,* as Frame's initial Class A misdemeanor con-

viction for DWI carried with it a potential sentence of one year in prison. *See* IC 35–50–3–2. Thus, we conclude that where an indigent defendant was not afforded appointed counsel in defense of a Class A misdemeanor charge (or where the defendant did not execute a valid waiver of the right to counsel), a conviction on such a charge may not be used to deprive the defendant's liberty at a later proceeding, such as the enhancement for a subsequent offense resulting in a prison term greater than that which would have been handed down, but for the uncounseled conviction. With regard to uncounseled convictions for misdemeanors punishable by prison terms of six months or less, we await further guidance from the United States Supreme Court.

■ Although we hold that a defendant in Indiana may allege a *Baldasar* violation, Frame is not necessarily entitled to reversal. While it is not disputed that Frame had no attorney in his first DWI proceeding, the record is not clear as to whether Frame was indigent, and therefore, entitled to appointed counsel, or whether he executed a valid waiver of the right to counsel. The State argues that it was incumbent upon Frame to present some evidence to rebut the presumption that his prior conviction was valid. We agree.

A number of courts considering the issue have interpreted *Baldasar* as placing the burden on the defendant to overcome the presumption that the prior misdemeanor conviction is valid. The Utah Supreme Court recognized three divergent views taken on the question.

Some courts are of the view that after the state proves the fact of a defendant's prior conviction, this presumption of regularity requires that the defendant prove, by a preponderance of the evidence, that there was an actual lack of representation without a knowing waiver of counsel in the earlier proceeding. A second group of courts takes the position ... which is to effectively disregard the presumption of regularity and require as an initial matter that the state affirmatively prove by at least a preponderance

of the evidence either that the defendant was represented by counsel or that he or she knowingly waived counsel. A third group of courts takes a middle position. They acknowledge the presumption of regularity but allow the defendant to rebut the presumption by merely raising the issue and producing some evidence that counsel was not present and was not waived. This is enough to shift the burden to the state to affirmatively prove either representation or waiver by at least a preponderance of the evidence.

*State v. Triptow* (1989), Utah, 770 P.2d 146, 148 (citations omitted). The *Triptow* court went on to adopt the third view, stating that it "most realistically balances the various policies at issue while fully protecting the right to counsel[.]" *Id.* at 149.

The State cites to a number of decisions in which the court held that the defendant has the burden to allege (and in some cases, to prove) that counsel was not present or that there was no waiver in order to rebut the presumption that the prior conviction was valid. *See, e.g., State v. Carey* (1989), 230 N.J.Super. 402, 553 A.2d 844; *State v. Caudle* (1987), Fla.App., 504 So.2d 419; *Disheroon v. State* (1985), Tex.Cr.App., 687 S.W.2d 332. This result is in line with our courts' holdings regarding collateral attacks on prior convictions in habitual offender proceedings.

For instance, in *Smith v. State* (1985), Ind., 477 N.E.2d 857, the defendant appealed his conviction as an habitual offender, alleging as error the invalidity of his prior convictions due to the purported violation of his right to counsel. Our supreme court agreed that the defendant could make such a challenge, but must bear the burden of producing evidence in support of his defense. The court found that this rule is consistent with the burdens placed on the defendant in a direct appeal to a conviction. *Id.* at 864–65.

■ We agree with the rationale that a defendant relying on an uncounseled conviction to avoid an enhanced sentence must at least raise the issue and produce some evidence that counsel was not present and

representation by counsel was not waived. *Triptow, supra,* at 148. Thus, we hold that where a defendant alleges a *Baldasar* violation, the defendant must come forward with evidence that (1) he or she was indigent; (2) he or she was not represented by counsel; and (3) there was no valid waiver of the right to counsel. *See Disheroon, supra.* Once the defendant has produced such evidence, the burden then shifts to the State to prove, by a preponderance of the evidence, that the defendant was represented or executed a valid waiver. *See Triptow, supra.*

█ The State correctly notes that Frame raised the issue, but has produced no evidence, by affidavit or otherwise, to prove that he was indigent, that he was not afforded appointed counsel, or that he executed a valid waiver of his right to counsel. Having failed to offer any proof to support his allegation of a *Baldasar* violation, we must affirm his conviction.

GARRARD and SULLIVAN, JJ., concur.