### Clarence VEST, Jr., Appellant,

v.

### STATE of Indiana, Appellee.

#### No. 72S04–9310–CR–1088.

Supreme Court of Indiana.

Oct. 12, 1993.

Joseph Leon Payne, Austin, for appellant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Indianapolis, for appellee.

## PETITION TO TRANSFER

DeBRULER, Justice.

A jury tried and convicted appellant Clarence Vest, Jr. of battery, Ind.Code § 35–42–2–1(a)(1), a class A misdemeanor. Appellant was given a sentence of one year in jail and a fine of $100.00, plus court costs. In a memorandum decision, the Indiana Court of Appeals (Fourth District) affirmed the conviction and the sentence. Appellant now petitions our Court for transfer. Transfer is granted.

The gravamen of the charged offense was that Loretta, a child three years of age, was intentionally burned on the foot with a lighted cigarette, and that appellant, her great uncle on her mother's side, had inflicted the injury. Appellant contends in this appeal that the identification evidence serving to identify him as the perpetrator of this offense was wholly insufficient to support the jury verdict. In determining this question we do not weigh the evidence nor resolve questions of credibility but look to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State* (1970), 254 Ind. 401, 260 N.E.2d 558. In doing so we may consider evidence supporting the verdict without regard to which side produced it. The conviction will be affirmed if there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Davis v. State* (1992), Ind., 598 N.E.2d 1041. Circumstantial evidence is no different than other evidence for this purpose, and standing alone may sufficiently support a conviction.

The evidence showed that Loretta arrived at the home of her grandmother on her father's side for supervised visitation with her father. While bathing Loretta that evening, the grandmother noticed two

red marks on the top of Loretta's foot, which she initially believed were the results of mosquito bites. Upon further observation, the grandmother concluded that the marks looked like burns. At that point grandmother and father took Loretta to the Scott County Sheriff's Department. There, the grandmother and father were directed to take Loretta to Scott Memorial Hospital for further examination, and to the Department of Public Welfare the next morning.

Ann Hickman, an emergency room nurse at Scott Memorial Hospital, testified that she examined Loretta's foot and identified the injuries as consistent with cigarette burns. When Hickman initially diagnosed the burns, she asked Loretta how they had been sustained. Over a hearsay objection, Hickman was permitted to repeat the child's answer that "J.R." had burned Loretta with a cigarette. The trial court did, however, limit the use of the answer by a jury instruction.[1] It advised:

> Statements made to a medical attendant for the purpose of securing diagnosis and treatment, may not be used as proof of the fact or facts contained in the statement, nor may be used to establish the truth of the statements made. Such statements are relevant to the basis of the medical attendant's opinion only, and are not substantive evidence of the guilt or innocence of the Defendant.

Hickman discovered that "J.R." was the appellant, Clarence Vest, Jr., Loretta's great-uncle. Hickman subsequently notified authorities.

On July 18, 1991, Sergeant David Motsinger interviewed appellant. Appellant is the uncle of Loretta's mother. Motsinger informed appellant of the allegations that he had burned his great niece. Initially, appellant denied that he had burned Loretta. However, appellant later told police that he might have accidently burned Loretta with a cigarette at some time in the past. In describing this event, appellant said that he and his girlfriend, Diane Wilkerson, were on the porch of a home, smoking. Wilkerson was holding Loretta. Appellant stated that he tried to discard his cigarette by flicking it off the porch, but when he attempted to do so, he might have accidently struck and burned Loretta. The two statements were admitted as evidence at trial. Loretta did not testify.

The proof serving to support the guilty verdict presented at this trial does not have that probative value and quality that would lead a reasonable trier of fact to infer beyond a reasonable doubt that it was appellant who had intentionally burned his great niece. The statement of the child to the emergency room nurse is not proof of identity supporting the verdict, inasmuch as its use for such purpose by the jury was foreclosed by the limiting instruction. The inference of identity is supported by the proof that appellant was a smoker, that the child was often in his company, that she had walked past his house two days before the injury was reported, and that he altered his initial negative response to police interrogation to one in which he said that he may have accidently burned her in flipping his cigarette off a porch a month before the alleged battery. This is the sole evidence connecting appellant to the crime. This is not sufficient.

■ In light of the requirement that this judgment be reversed, the question of whether the State can retry appellant for this crime presents itself. The Double Jeopardy Clause of the United States Con-

---

1. In light of the resolution of this appeal on the basis of the claim of insufficient proof, the admissibility of the child's statement and the accuracy of the jury instruction are not legal issues resolved in this appeal. Such issues will be governed by the recently adopted Indiana Rules of Evidence, effective January 1, 1994, and particularly Ind.R.Evid. 803(4), which admits

> Statements made for the purposes of medical diagnosis or treatment and describing medi-

cal history, or past or present symptoms, pain, or sensations, or the inception of general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis.

Case law governing the present case does not permit the use of a statement that specifically names the person responsible for an injury for the substantive purpose of proving the identity of the responsible person. The new rule does not appear to alter this situation.

stitution bars retrial in cases of reversal for insufficient evidence. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *see also Warner v. State* (1991), Ind., 579 N.E.2d 1307. Here, we have determined that the State did not present sufficient evidence to convict. Therefore, retrial is barred.

The judgment is reversed and the trial court is ordered to enter a judgment of acquittal.

SHEPARD, C.J., and GIVAN, DICKSON and KRAHULIK, JJ., concur.