**Lloyd BROWN, Jr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 27A02–9608–CR–544.**

Court of Appeals of Indiana.

July 10, 1997.

Rehearing Denied Oct. 15, 1997.

Joe Keith Lewis, Marion, for Appellant–Defendant.

Pamela Carter, Attorney General, Phillip D. Hatfield, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Lloyd Brown, Jr. was charged with Count I, Battery by Means of a Deadly Weapon, as a Class C felony. That charge was later joined with a Count II, Battery, as a Class A misdemeanor.[1] Brown was convicted on both counts, and his misdemeanor conviction was then enhanced to a Class D felony because he had been convicted of a prior battery against the same victim. The court sentenced Brown to eight years on Count I and three years on Count II to be served consecutively.

We affirm.

### ISSUES

Brown presents several issues for our review which we restate as:

1. Whether the trial court committed reversible error when it allowed the State to join the two battery charges.

2. Whether the court abused its discretion when it admitted allegedly hearsay testimony.

3. Whether the trial court erred when it enhanced the misdemeanor battery charge to a Class D felony.

---

1. Count II is based upon Brown's battery of the victim on January 20, 1996. The facts of that crime are not in dispute, and, thus, we do not discuss them in this appeal.

## FACTS

On February 10, 1996, Officer Richard Eastes went to Brown's residence to serve an arrest warrant on him for the January 20, 1996, battery of Theresa Thompson, Brown's girlfriend. When he arrived, Thompson answered the door. She was distraught and appeared to be intoxicated. She was holding a blood-soaked cloth to a cut on her face, and she had a black and puffy eye. Thompson immediately told Eastes that "he cut me." She repeatedly stated that she could not believe "this was happening" to her, and she directed Eastes to look "at how he's messed her up." Officer Eastes attempted to question her, but Thompson was unable to answer him coherently.

Officer Eastes persisted and, some time later,[2] Thompson described her altercation with Brown. She stated that when she got home that night, Brown was watching television in their bedroom. He then came into the kitchen and demanded to know where Thompson had been. At that time, Thompson was fixing a sandwich, and she had a knife in her hand. A confrontation between Brown and Thompson ensued. She reported that Brown had cut her as she was trying to get the knife away from him. Thompson further stated that Brown had hit her in the face. Later, Thompson was taken to the hospital where she repeated the same story to various medical personnel.

### Issue One: Joinder of Charges

■ Eighteen days before trial, the State moved to join, over Brown's objections, the two battery charges against Brown. The trial court conducted a hearing and granted the State's motion. Brown contends that the court erred when it joined the two offenses. The State counters that Brown waived appellate review of this issue when he failed to renew his objection at trial. We must agree with the State.

---

2. The record is unclear as to how much time passed before Thompson was able to answer Officer Eastes' questions coherently. However, the record does indicate that Thompson was taken to the hospital approximately an hour after police initially arrived at her residence.

Indiana Code § 35–34–1–9 provides that two or more offenses may be joined when they:

(1) are of the same or similar character, even if not part of a single scheme or plan; or

(2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

Indiana Code § 35–34–1–11 further provides that "[w]henever two (2) or more offenses have been joined in the same indictment or information solely on the ground that they are of the same or similar character, the defendant shall have a right to severance of the offenses."

The State concedes that the charges against Brown were joined under subsection (1), and that as such, Brown was entitled to severance upon his pretrial motion. IND. CODE § 35–34–1–11(a); *Pardo v. State,* 585 N.E.2d 692, 695 (Ind.Ct.App.1992). However, Indiana Code § 35–34–1–12, which permits a defendant to renew a motion for severance before or at the close of all the evidence during trial, also provides that the right to severance of offenses is waived by failure to renew the motion. *Spindler v. State,* 555 N.E.2d 1319, 1321 (Ind.Ct.App. 1990). The record indicates that Brown did not renew his objection to severance. Thus, Brown has waived review of this issue on appeal.

**Issue Two: Hearsay Evidence**

■ At trial, Thompson recanted the statements that she made to Officer Eastes about her altercation with Brown. Instead, she maintained that her injuries resulted from "horseplay." The State called Eastes to testify as to the statements that Thompson made on the night of the battery. Brown contends that the trial court abused its discretion when it permitted that testimony. Specifically, Brown argues that Thompson's statements constitute inadmissible hearsay. The State counters that the "excited utter-ance" exception to the hearsay rule applies. *See* IND. EVIDENCE RULE 803(2).

■ Hearsay is a statement, other than one made by the declarant while testifying at trial, offered to prove the truth of the matter asserted. IND. EVIDENCE RULE 801(b). Hearsay is inadmissible unless admitted pursuant to a recognized exception. IND. EVIDENCE RULE 802. For a hearsay statement to be admitted as an excited utterance, three elements must be shown: 1) a startling event occurs; 2) a statement is made by a declarant while under the stress of excitement caused by the event; 3) the statement relates to the event. *Id.* Application of these criteria is not mechanical. *Yamobi v. State,* 672 N.E.2d 1344, 1346 (Ind.1996). Rather, the heart of the inquiry is whether the statement is inherently reliable because the declarant was incapable of thoughtful reflection. *Id.* The statement must be trustworthy under the facts of the particular case. *Id.* The trial court should focus on whether the statement was made while the declarant was under the influence of the excitement engendered by the startling event. *Id.*

We cannot conclude that the trial court abused it discretion when it permitted Officer Eastes' testimony.[3] When Eastes arrived at the scene, Thompson was extremely agitated and unable to answer police questions. Eastes stated that Thompson appeared to be intoxicated. Further, the injuries to her face were significant,[4] and she appeared to be in a great deal of pain. Although she eventually provided a relatively coherent statement, the record indicates that Thompson remained upset and "in shock." *See id.* (declaration does not lack spontaneity simply because it was an answer to police questioning). Hospital personnel testified that during Thompson's physical examination and treatment she was still distraught.

Given the facts of this case and the nature of the crime, it was reasonable for the court

3. When the police arrived at the scene, Thompson was obviously distraught and agitated. She made several immediate and spontaneous statements to Officer Eastes about the night's altercation. Those statements were clearly excited utterances, and Brown does not contest their admissibility. However, he does contest the admissibility of the statements that Thompson made to Eastes upon his continued questioning.

4. Thompson received eighteen stitches for the cut to her face.

to infer that Thompson was incapable of thoughtful reflection and that she was still under the stress of the battery when she made her statement to Officer Eastes. Therefore, we conclude that the court did not abuse its discretion when it permitted Eastes' testimony. Brown has not shown error on this issue.

### Issue Three: Sentence Enhancement

■ Finally, Brown claims that the trial court erred when it enhanced his misdemeanor battery charge to a felony based upon a prior misdemeanor battery conviction. Specifically, Brown asserts that, because his prior conviction was uncounseled and resulted in a prison sentence, the court was precluded from relying upon it for enhancement purposes. We disagree.

Indiana Code § 35–42–2–1 provides:

(a) A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is:

\* \* \* \* \*

(2) a Class D felony if it results in bodily injury to:

\* \* \* \* \*

(D) the other person and the person who commits the battery was previously convicted of a battery in which the victim was the other person.

IND.CODE § 35–42–2–1(a)(2)(D). In the present case, the State presented evidence of Brown's prior battery of Thompson which led to a misdemeanor battery conviction in 1994 and to a prison sentence of one year.

Brown directs us to *Nichols v. United States,* 511 U.S. 738, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994). In that case, the Supreme Court held that a sentencing court may only consider a defendant's uncounseled misdemeanor conviction to enhance the sentence for a subsequent conviction if the prior uncounseled misdemeanor conviction *did not result in a prison sentence.* 511 U.S. at 748–49, 114 S.Ct. at 1928, 128 L.Ed.2d at 755, (emphasis added); *see also Morphew v. State,* 672 N.E.2d 461, 466 (Ind.Ct.App.1996) (Indiana application of the *Nichols* holding), *trans. denied.* It follows as a logical corollary from both *Nichols* and *Morphew* that if an uncounseled misdemeanor conviction results in a prison sentence, that conviction cannot be used for enhancement purposes. *See Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979) (Sixth and Fourteenth Amendments require that a defendant be afforded the right to counsel where sentence of incarceration is imposed). Of course, the right to counsel may we waived. *See Carter v. State,* 512 N.E.2d 158, 162 (Ind.1987) (corollary to the right to counsel is the right to proceed *pro se* ). Thus, the question remains as to what evidence a defendant must present to successfully challenge the validity of the prior misdemeanor conviction.[5]

■ The argument that Brown attempts to make is analogous to a defendant's challenge to the predicate felony in an habitual offender determination. In such instances, a defendant may challenge the predicate felony conviction when:

[T]he conviction is constitutionally invalid, that is, when (1) the court records reflecting the proceedings which led to the prior conviction, on their face, raise a presumption that the conviction is constitutionally

---

**5.** Federal and state law on this issue has been in flux in recent years. The Supreme Court's decision in *Nichols* overruled *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980) in which the Court held that an indigent defendant's prior uncounseled misdemeanor conviction could not be used under the Illinois enhanced penalty statute to convert a subsequent misdemeanor into a felony conviction. In light of *Baldasar,* this court articulated a rule of law which stated that where an indigent defendant is not afforded counsel on a misdemeanor charge, the resulting conviction cannot be used subse-

quently for enhancement purposes. *Frame v. State,* 587 N.E.2d 173 (Ind.Ct.App.1992). However, to challenge the later use of the conviction the defendant would have to demonstrate that he was indigent, that he was not represented by counsel, and that he did not execute a waiver of the right to counsel. *Id.* at 177. To the extent that it relied on *Baldasar,* the *Frame* holding no longer applies. *Morphew,* 672 N.E.2d at 466. Nevertheless, *Frame's* underlying rationale—that the defendant bears the burden of challenging the validity of the misdemeanor conviction—controls our result in the present case.

infirm, and (2) the apparent constitutional infirmity is of the type which undermines both the integrity and reliability of the determination of guilt.

*England v. State*, 530 N.E.2d 100, 103 (Ind. 1988). A defendant may raise as a defense the asserted invalidity of a prior conviction if he can show that he was not adequately represented by counsel or that he did not knowingly and intelligently waive such representation at the time of the conviction.[6] *Smith v. State*, 477 N.E.2d 857, 865 (Ind. 1985). The defendant has the burden of producing evidence in support of his defense that his prior conviction is invalid, which is consistent with where the burdens are placed when a defendant directly attacks the validity of his conviction. *Id.*

Here, neither party disputes that Brown's previous misdemeanor conviction was uncounseled and resulted in a prison sentence. Although Brown admitted during the State's cross-examination that the court informed him of his right to counsel, he nevertheless asserts that his right to counsel was violated. However, apart from that bare assertion, Brown did not produce any evidence that he was denied his right to counsel. Brown failed to introduce the record from the misdemeanor proceedings. Presumably, that record would have demonstrated whether the court had advised Brown of his rights and whether he had knowingly and voluntarily waived those rights. Without the record or evidence of comparable relevance,[7] Brown has not demonstrated that his prior battery conviction was constitutionally infirm.

■ As our opinion in *Smith* indicates, trial court proceedings are clothed with a presumption of regularity, and it is incumbent upon the defendant to prove, by a preponderance of the evidence, that there was an actual lack of representation without a knowing waiver of counsel in the earlier proceeding. *See id.* Brown has not sustained his burden. The trial court did not err when it enhanced Brown's battery conviction from a Class A misdemeanor to a Class D felony.

■ In a related argument, Brown claims that his trial counsel was ineffective in failing to effectively challenge the validity of his prior misdemeanor conviction. We cannot agree.

■ In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate the following: (1) that counsel's performance failed to meet an objective standard of reasonableness as measured by predominate professional norms; and (2) that the deficient performance prejudiced the trial outcome. *Spranger v. State*, 650 N.E.2d 1117, 1121 (Ind.1995) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). To prove prejudice, the defendant must demonstrate a reasonable probability that, but for counsel's deficient performance, the outcome would have been different. *Thompson v. State*, 671 N.E.2d 1165, 1168 (Ind.1996). There is a strong presumption that counsel is competent, and that can only be rebutted by strong and convincing evidence to the contrary. *Id.* Isolated poor strategy, inexperience or bad tactics do not necessarily amount to ineffective assistance. *Shaffer v. State*, 674 N.E.2d 1, 6 (Ind.Ct.App.1996), *trans. denied.*

Although Brown's defense counsel's failure to introduce the record of the misdemeanor conviction may have been deficient,[8] Brown has not shown that he was prejudiced by that failure. His ineffective assistance claim rests solely on the assumption that the record, had it been introduced, would have demonstrated

---

**6.** To effectuate a defendant's waiver of the right to counsel, the trial court must conduct a hearing to determine the defendant's competence to represent himself and to make a record of the waiver of counsel. *Spears, v. State*, 621 N.E.2d 366, 368 (Ind.Ct.App.1993). The record must establish that the defendant was made aware of the nature, extent, and importance of the right and the consequences of waiving it. *Id.*

**7.** We do not imply that a defendant must in every instance introduce the record of the misdemeanor proceedings. While evidence of the record is undoubtedly the most persuasive, other evidence could successfully demonstrate that the defendant was not adequately advised of his rights.

**8.** We might well assume that Brown's trial counsel knew that the record from the misdemeanor proceeding established that Brown did, in fact, waive his right to counsel. As such, his failure to present the record would not have been unreasonable.

that he did not waive his right to counsel. However, without having an opportunity to review that record, we cannot conclude that he would have successfully challenged the validity of his misdemeanor conviction. *See Marshall v. State*, 621 N.E.2d 308, 321–22 (Ind.1993) (appellant's failure to state what offer to prove should have been cannot show ineffective assistance based upon failure to make the offer to prove); *Fugate v. State*, 608 N.E.2d 1370, 1373 (Ind.1993) (appellant's failure to provide affidavit showing substance of witness's testimony negates ineffective assistance claim based upon counsel's failure to call witness at trial.) Brown has not shown that he was prejudiced by his trial counsel's deficient performance. Thus, his claim of ineffective assistance of counsel must fail.

Affirmed.

ROBERTSON, J., concurs.

CHEZEM, J., concurs in result.