Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT:

**ANN M. SUTTON**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MARJORIE LAWYER-SMITH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

TIMOTHY TINGLE,                               )
                                              )
    Appellant-Defendant,                  )
                                              )
        vs.                        )    No. 49A02-1110-CR-976
                                              )
STATE OF INDIANA,                             )
                                              )
    Appellee-Plaintiff.                   )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven Eichholtz, Judge
The Honorable Peggy Hart, Commissioner
Cause No. 49G20-0912-FA-99622

**August 29, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Timothy Tingle appeals from his convictions after a bench trial of Dealing in cocaine[1] as a class A felony, Dealing in a controlled substance[2] as a class B felony, and Possession of a controlled substance[3] as a class C felony. Tingle presents the following issue for our review: Did the trial court abuse its discretion by admitting evidence related to a duffle bag and its contents, which were recovered during the execution of a valid search warrant?

We affirm.

On December 8, 2009, Detective Andrew Deddish and other officers from the Indianapolis Metropolitan Police Department executed a valid felony arrest warrant for Tingle at the Mann Village Apartments. The officers knocked on an apartment door and announced their presence, but no one responded. The officers then gained entry to the apartment by using a key provided to them by management at the apartment complex. Upon entering the apartment, the officers observed Tingle and Sara Scott lying on the living room floor under a blanket. The officers then handcuffed the two for officer safety and conducted a protective sweep of the apartment. A baby girl was in a crib in one of the bedrooms.

Detective Deddish noticed a white pill on a table in the living room as he entered the apartment and believed that the pill was a controlled substance.[4] Scott became upset when Detective Deddish told her that the officers were serving an arrest warrant for Tingle. Scott told the detective that she was the tenant of the property and did not want Tingle to return.

---

[1] Ind. Code Ann. §35-48-4-1 (West, Westlaw current with all 2012 legislation).
[2] I.C. §35-48-4-2 (West, Westlaw current with all 2012 legislation).
[3] I.C. §35-48-4-7 (West, Westlaw current with all 2012 legislation).
[4] Tingle does not challenge the seizure of the single pill seen on the top of the table in the living room, nor does he challenge the officers' entry into the apartment or the validity of the arrest warrant.

Scott asked the officer to take Tingle's duffle bag with him when he left because it contained all of Tingle's personal property at the apartment. Scott described the bag and explained that the bag was located in the second bedroom.

After retrieving the bag, Detective Deddish took it into the living room and placed it on the floor by Tingle. He asked another officer to inventory the bag because the officers were going to take it to the property room. When the officer opened the bag, he found what was later identified as a large amount of cocaine, various controlled substances, and a digital scale. Detective Deddish photographed the narcotics and the scale, and took possession of them for delivery to the property room. Also inside the bag were several personal items, including a black wallet containing papers and cards with Tingle's name on them, men's clothing, shaving accessories, a hair trimmer, and two cell phones, among other things. A third officer generated a list of the items found in the duffle bag as they went through its contents. After the inventory was completed, Detective Deddish transported the bag to the property room where it was left as Tingle's personal property. The bag was later destroyed by property room personnel pursuant to policy when Tingle did not retrieve it.

The State charged Tingle with one count of dealing in cocaine as a class A felony, one count of possession of cocaine as a class A felony, one count of dealing in a controlled substance as a class B felony, six counts of possession of a controlled substance each as a class C felony, and two counts of dealing in a schedule IV controlled substance, each as a class C felony. Prior to trial, the State moved to dismiss three of the counts against Tingle, and the trial court granted the motion. Tingle then waived his right to a jury trial. The trial court took Tingle's motion to suppress the evidence found in the duffle bag under advisement

3

and proceeded with the bench trial. Ultimately, the trial court denied Tingle's motion to suppress and his motion to dismiss. At the conclusion of the bench trial, the trial court found Tingle guilty of the remaining charges, but further found that several of the convictions were merged. The trial court sentenced Tingle to thirty years executed for his class A felony conviction, ten years for the class B felony conviction, and four years for the class C felony convictions, and ordered that they be served concurrently to each other and with Tingle's sentence in another matter. Tingle now appeals.

Tingle argues that the trial court erred by allowing the admission of the evidence found in the duffle bag. In general, Tingle argues that the seizure and search of the bag were done in violation of the Fourth Amendment of the U.S. Constitution and article 1, Section 11 of the Indiana Constitution.

Tingle's first contention is the officer's testimony should not have been permitted because he read from the inventory list prepared by another officer as to contents of the duffle bag. Tingle claims that he was denied his right to confront his accuser because the duffle bag was destroyed prior to trial and the State used the inventory list to refresh Officer Barrow's memory of the bag's contents.

The standard used to review rulings "on the admissibility of evidence is effectively the same whether the challenge is made by a pre-trial motion to suppress or by a trial objection." *Burkes v. State*, 842 N.E.2d 426, 429 (Ind. Ct. App. 2006). Questions regarding the admission of evidence are within the sound discretion of the trial court, and we review the court's decision only for an abuse of discretion. *State v. Seabrooks*, 803 N.E.2d 1190 (Ind. Ct. App. 2004). A trial court abuses its discretion only if its decision is clearly against the

4

logic and effect of the facts and circumstances before it, or if the court has misinterpreted the law. *Id.* Additionally, errors in admitting evidence are to be disregarded as harmless error unless they affect the substantial rights of the party. *Turben v. State*, 726 N.E.2d 1245 (Ind. 2000); Ind. Trial Rule 61. A trial court's ruling on the admissibility of evidence will be upheld if it is sustainable on any legal theory supported by the record, even if the trial court did not use that theory. *Gonser v. State*, 843 N.E.2d 947 (Ind. Ct. App. 2006).

The federal Fourth Amendment and article 1, section 11, of the Indiana Constitution each protect citizens from unreasonable searches and seizures. *Holder v. State*, 847 N.E.2d 930 (Ind. 2006). Although structured similarly, the interpretation and application of each constitutional provision varies. *Id.* Tingle's attack on the admissibility of Officer Barrow's testimony is based on the federal constitution.

The duffle bag was placed in the property room on December 8, 2009, the day of Tingle's arrest. The property room categorized the duffle bag as personal property, which Tingle or his designee could have retrieved at any time. The IMPD General Order 9.4 provides as follows:

> [The property room] will make every reasonable effort to release or dispose of evidence and found/recovered property within six (6) months after final disposition of a case. This may result from conclusion of a court case or release by the officer or deputy prosecutor upon termination of an investigation. Property not claimed by an owner may be disposed of at auction or destroyed in accordance with Property Section standard operating procedures.

*Ex. Vol.* at 35.

Detective Deddish testified that he instructed Officer Barrow to inventory the bag before taking it to the property room. When Officer Barrow began to conduct the inventory,

5

he found a black, plastic bag. Upon opening the black, plastic bag, Officer Barrow discovered it contained a large quantity of cocaine and various controlled substances. Officer Barrow showed the drugs to Detective Deddish, who photographed them and seized them for purposes of taking them to the property room as evidence. Officer Barrow continued to inventory the remainder of the contents of the bag, stating aloud what he found to another officer who wrote the list of contents. Officer Barrow then checked the written list for accuracy. At trial, Officer Barrow detailed the contents he could remember, and then reviewed the inventory list to refresh his memory.

In *Crawford v. Washington*, 541 U.S. 36 (2004), the case upon which Tingle relies to support his argument, the United States Supreme Court held that the Confrontation Clause "bars admission of out-of-court statements in criminal trials unless the declarant is unavailable to testify and the defendant had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. at 59. We have previously stated that the critical aspect of that holding is its application solely to testimonial statements. *Ramirez v. State*, 928 N.E.2d 214 (Ind. Ct. App. 2010). "[T]he testimonial character of the statement . . . separates it from other hearsay that, while subject to traditional limitations upon hearsay evidence, is not subject to the Confrontation Clause." *Id*. at 217 (quoting *Davis v. Washington*, 547 U.S. 813, 821-22 (2006)).

Here, there is no Confrontation Clause violation. Officer Barrow testified at trial and was subject to cross-examination by Tingle. Officer Barrow saw the contents of the duffle bag that were inventoried even though he was not the officer who physically prepared the

inventory list. He reviewed the list after it was generated to verify its accuracy and completeness.

Additionally, the list was not testimonial in nature. The list was created for purposes of documenting the contents to secure them and to ensure there were no dangerous items contained therein prior to taking them to the property room. This was consistent with IMPD General Order 9.4. It is clear from the testimony of Detective Deddish and Officer Barrow that the list was prepared pursuant to department policy and not in preparation for trial.

Indiana Evidence Rule 612 permits witnesses to use documents to refresh their memories during trial. The rule does not contain a requirement that the document used to refresh a witness's memory be prepared by that witness. The State's request and the trial court's decision to allow Officer Barrow to refresh his memory with the inventory list falls squarely within the parameters of the rule.

We conclude that Tingle has failed to establish that he was deprived of his right to confront his accuser stemming from the destruction of the duffle bag prior to trial. The admission of testimony regarding the inventory list and its use to refresh Officer Barrow's memory was not an abuse of the trial court's discretion, nor was it a violation of the Confrontation Clause.

Tingle further argues that the search of the duffle bag violated his right against unlawful searches and seizures under state and federal constitutional provisions. In general, a search must be authorized by a properly issued warrant. *Fair v. State*, 627 N.E.2d 427 (Ind. 1993). The State bears the burden of showing both the need for an exemption from the warrant requirement and that its conduct fell within the bounds of the exception before

introduction of evidence seized during a warrantless search will be allowed. *Id*. The United States Supreme Court has recognized that police departments generally follow a routine practice of securing and inventorying property, serving the function of protecting the prisoner's property while it is in police custody and protection of the police against claims over lost or stolen property as well as from potential danger. *South Dakota v. Opperman*, 428 U.S. 364 (1976).

The issue in *Illinois v. Lafayette*, 462 U.S. 640 (1983), was the propriety of the inventory of the defendant's shoulder bag. The defendant was arrested and taken to a police station. In the process of booking the defendant, the police officers took defendant's shoulder bag, emptied it, and inventoried it. The officers found amphetamine pills, and the defendant was arrested for possessing the pills. It was the standard procedure of that police station to inventory everything in the possession of an arrested person. The United States Supreme Court held that the search of the defendant's bag was reasonable for purposes of the Fourth Amendment because the intrusion of the defendant's Fourth Amendment Rights was outweighed by the promotion of the legitimate government interests.

In the present case, Scott told the officers that Tingle was visiting the apartment and that Detective Deddish should take the duffle bag with Tingle when he was taken to jail on the valid arrest warrant. Scott stated that all of Tingle's possessions he had brought with him to her apartment were in that bag. She provided a description of the bag in question, and confirmed that it was Tingle's bag after the officer retrieved it from the location Scott had given. Scott requested that the bag be removed from her apartment because it belonged to Tingle. Detective Deddish had consent to take it as part of the process of arresting Tingle.

8

Here, it was reasonable for the officers as part of their routine procedure to inventory the bag prior to taking it to the property room in order to document the contents of the bag. The inventory search in this case was reasonable especially in light of the fact that there was no evidence that the search was a pretext for general rummaging in order to find incriminating evidence. *See Widduck v. State*, 861 N.E.2d 1267 (Ind. Ct. App. 2007). The bag was too large to transport with Tingle to the processing center. The actions of the law enforcement officers in this case fall within the inventory search exception to the Fourth Amendment warrant requirement. Because Tingle has failed to demonstrate a violation of his constitutional rights, we conclude that the trial court did not err in admitting the evidence found in the duffle bag.

As for state constitutional protections, we examine the reasonableness of the conduct of law enforcement officers, and not the expectation of privacy associated with Fourth Amendment constitutional analysis. *Litchfield v. State*, 824 N.E.2d 356 (Ind. 2005). The reasonableness of the search under the circumstances turns on the degree to which the search or seizure disrupts the individual's normal activities, and the facts and observations that support the officer's decision to initiate the search or seizure. *Id*.

In this case, the tenant of the apartment told Detective Deddish that she wanted Tingle to leave and that she wanted him to take his duffle bag with him. After confirming that the duffle bag was the one belonging to Tingle, Detective Deddish asked officers to inventory the bag for purposes of documenting its contents prior to taking it to the property room.

Here, the law enforcement needs were strong because the property room houses numerous items daily. Some of the items are evidence, while others are personal property to

9

be safeguarded while the owners are detained in jail. It is reasonable for police to search the personal effects of a person under lawful arrest as part of the routine administrative procedure prior to jailing the suspect. *Spindler v. State*, 555 N.E.2d 1319 (Ind. Ct. App. 1990). We find no violation of state constitutional protections and conclude that the trial court did not err by allowing the admission of the evidence discovered in the duffle bag during the inventory.

The entry by police officers into the apartment and Tingle's subsequent arrest were proper pursuant to the valid arrest warrant. The seizure and search of the duffle bag were proper as a personal property inventory. We conclude that Tingle has failed to establish that the trial court abused its discretion in admitting evidence recovered during the execution of the arrest warrant.

Judgment affirmed.

MAY, J., and BARNES, J., concur.